**CARLSON LYNCH LLP**
Todd D. Carpenter (CA 234464)
tcarpenter@carlsonlynch.com
Scott G. Braden (CA 306555)
sbraden@carlsonlynch.com
1350 Columbia Street, Ste. 603
San Diego, California 92101
Telephone:  619.762.1910
Facsimile:  619.756.6991

*Attorneys for Plaintiff and
Proposed Class Counsel*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA ADAMS, on behalf of herself and all others similarly situated, | Case No.: 8:20-cv-00913-JWH-DFM |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| vs. | Date:       November 13, 2020 |
| COLE HAAN, LLC, a Delaware Limited Liability Company, and DOES 1- 50, inclusive, | Time:       9:00 p.m.<br>Judge:      Hon. John W. Holcomb<br>Place:      Courtroom 2 |
| Defendant. | |

OPPOSITION TO MOTION TO DISMISS FAC

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................. 1

II.   LEGAL STANDARD ........................................................... 3

III.  ARGUMENT.......................................................................... 3

   A.   This Case Is Not Controlled By *Sonner* But By *Moore*, Which Permits
        Plaintiff To Seek Cumulative Remedies Under The UCL, FAL, and
        CLRA ............................................................................ 3

   B.   *Sonner* Conflicts With Supreme Court Precedent Applying The *Erie*
        Doctrine ...................................................................... 10

   C.   Although Unnecessary, Plaintiff Sufficiently Alleges Legal Remedies
        Are Inadequate ............................................................ 12

        1.   Plaintiff's Equitable UCL Claim Is Governed By A Four-Year
             Statute Of Limitations, While The CLRA Claim Is Governed By A
             Three-Year Statute of Limitations ................................ 12

        2.   Plaintiff May Prove Liability And Certify A Class Under § 17501
             Of The FAL But Not The CLRA ...................................... 14

        3.   The Harm Sought to be Remedied Under the UCL's "Unfair"
             Prong is Broader Than the Harm Sought To Be Remedied By the
             CLRA ................................................................... 15

        4.   Legal Damages Under the CLRA Are Inadequate To Remedy
             Plaintiff's Equitable Claim for Public Injunctive Relief .................. 17

   D.   Even If *Sonner* Controls, At The Very Least, The FAC Creates An Issue
        Of Fact As To The Adequacy Of A Legal Remedy...................................... 21

   E.   If The Court Is Inclined To Dismiss Any Part of Plaintiff's Equitable
        Claims, It Should Grant Leave To Amend....................................... 21

   F.   Defendant Waived Its Argument That Plaintiff's CLRA Claim Fails For
        Lack Of Compliance With Affidavit Requirement ........................................ 22

IV.   CONCLUSION.................................................................... 23

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Aberin v. Am. Honda Motor Co.*,
    No. 16-CV-4384-JST, 2018 WL 1473085 (N.D. Cal. Mar. 26, 2018) ..........................8

*Adams v. I-Flor Corp.*,
    No. CV09-09550 R SSX, 2010 WL 1339948 (C.D. Cal. Mar. 30, 2010) ......................6

*Adkin  v. Comcast Corp.*,
    No. 16-cv-05969-VC, 2017 WL 3491973 (N.D. Cal. Aug. 1, 2017) ..............................8

*Alexander v. Metro-Goldwyn-Mayer Studios Inc.*,
    No. CV 17-3123-RSWL-KSX, 2017 WL 5633407 (C.D. Cal. Aug. 14, 2017) .............22

*Allen v. Hylands, Inc.*,
    773 F. App'x 870 (9th Cir. 2019)...........................................................................2, 16

*Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*,
    568 U.S. 455 (2013) .....................................................................................................15

*Angel v. Bullington*,
    330 U.S. 183 (1947) .....................................................................................................11

*Aquilina v. Certain Underwriters at Lloyd's Syndicate #2003*,
    407 F. Supp. 3d 1051 (D. Haw. 2019) .........................................................................22

*Batuhan v. Assurity Fin. Servs., LLC*,
    2015 WL 7776470 (N.D. Cal. Dec. 3, 2015) ...............................................................21

*Beasley v. Conagra Brands, Inc.*,
    374 F. Supp. 3d 869 (N.D. Cal. 2019).............................................................................8

*Bell Atlantic v. Twombly*,
    550 U.S. 544 (2007) .......................................................................................................3

*Bird v. First Alert, Inc.*,
    No. C 14-3585 PJH, 2014 WL 7248734 (N.D. Cal. Dec. 19, 2014)...............................6

*Byrd v. Blue Ridge Rural Elec. Coop.*,
    356 U.S. 525 (1958) .....................................................................................................11

*Cabrales v. Castle & Cooke Mortg. LLC*,
    No. 1:14-CV-01138-MCE, 2015 WL 3731552 (E.D. Cal. June 12, 2015) ....................7

*Chambers v. NASCO, Inc.*,
    501 U.S. 32 (1991) .......................................................................................................11

*Chowning v. Kohl's Dept. Stores, Inc.*,
    733 F. App'x 404 (2018) ................................................................................................6

*Chowning v. Kohl's Dep't Stores, Inc.*,
    No. CV1508673RGKSPX, 2016 WL 1072129 (C.D. Cal. Mar. 15, 2016)....................5

i

1

**TABLE OF AUTHORITIES (cont.)**

2

**Page(s)**

3

**Federal Cases (cont.)**

4

*Cont'l Airlines, Inc. v. Intra Brokers, Inc.*,
 24 F.3d 1099 (9th Cir. 1994) ........................................................................ 17

5

*Copelan v. Infinity Ins. Co.*,
 359 F. Supp. 3d 926 (C.D. Cal. 2019) ........................................................ 10

6

*Covell v. Nine W. Holdings  Inc.*,
 No. 3:17-CV-01371-H-JLB, 2018 WL 558976 (S.D. Cal. Jan. 25, 2018) ...... 9

7

8

*Davidson v. Kimberly-Cla*rk *Corp.,*
 889 F.3d 956 ..........................................................................3, 7, 17, 20

9

10

*Davidson v. Kimberly-Clark Corporation,*
 873 F.3d 1103 (9th Cir. 2017) .................................................................18, 19

11

*Dotster, Inc. v. Internet Corp. For Assigned Names & Numbers*,
 296 F. Supp. 2d 1159 (C.D. Cal. 2003) ........................................................ 6

12

*Durkee v. Ford Motor Co.*,
 No. C 14-0617 PJH, 2014 WL 4352184 (N.D. Cal. Sept. 2, 2014) .................. 5

13

14

*Duttweiler v. Triumph Motorcycles (Am.) Ltd.*,
 No. 14-CV-04809-HSG, 2015 WL 4941780 (N.D. Cal. Aug. 19, 2015) .......... 5, 17

15

16

*Erie R.R. Co. v. Tompkins*,
 304 U.S. 64 (1938) ........................................................................ 11

17

18

*Espineli v. Toyota Motor Sales U.S.A., Inc.*,
 No. 2:17-cv-00698-KJM-CKD, 2018 WL 3769383 (E.D. Cal. Aug. 9, 2018) ........ 8

19

*Gasperini v. Ctr. for Humanities*,
 518 U.S. 415 (1996) ........................................................................ 12

20

*Gen. Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church*,
 887 F.2d 228 (9th Cir.1989) ........................................................................ 14

21

22

*Gibson v. Jaguar Land Rover N. Am., LLC*,
 No. CV2000769CJCGJSX, 2020 WL 5492990 (C.D. Cal. Sept. 9, 2020) ......17, 19

23

24

*Gomez v. Jelly Belly Candy Co.*,
 2017 WL 8941167 (C.D. Cal. Aug. 18, 2017) ............................................ 17

25

*Gonzales v. Car Max Auto Superstores, LLC*,
 845 F.3d 916 (9th Cir. 2017) ........................................................................ 7

26

27

*Guar. Tr. Co. of N.Y. v. York*,
 326 U.S. 99 (1945) ........................................................................10, 11, 12

28

## <u>TABLE OF AUTHORITIES (cont.)</u>

**Page(s)**

**Federal Cases (cont.)**

*Hanna v. Plumer*,
  380 U.S. 460 (1965) ............................................................................ 11

*Harris v. PFI W. Stores, Inc.*,
  No. SACV192521JVSADSX, 2020 WL 3965022 (C.D. Cal. Apr. 9, 2020) ................ 20

*Henrietta Mills v. Rutherford Cty.*,
  281 U.S. 121 (1930) ........................................................................... 11

*Hinojos v. Kohl's Corp.*,
  718 F.3d 1098 (9th Cir. 2013) ................................................................. 4

*In re MacBook Keyboard Litig.*,
  No. 5:18-CV-02813-EJD, 2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) .................. 19

*In re Watts*,
  298 F.3d 1077 (9th Cir. 2002) ................................................................. 4

*Luong v. Subaru of Am., Inc.*,
  No. 17-cv-03160-YGR, 2018 WL 2047646 (N.D. Cal. May 2, 2018) ..................... 9

*Maravilla v. Rosas Bros. Constr., Inc.*,
  401 F. Supp. 3d 886 (N.D. Cal. 2019) ....................................................... 13

*Marisco, Ltd. v. GL Eng'g & Constr. Pte., Ltd.*,
  No. CV 18-00211 SOM/RT, 2020 WL 3492572 (D. Haw. June 26, 2020) ............... 21

*Marshall v. Danone US, Inc.*,
  402 F. Supp. 3d 831 (N.D. Cal. 2019) ........................................................ 8

*Metro–Goldwyn–Mayer Studios, Inc v. Grokster, Ltd.*,
  518 F. Supp. 2d 1197 (C.D. Cal. 2007) ...................................................... 18

*Milman v. FCA U.S., LLC*,
  No. SACV1800686JVSSSX, 2018 WL 5867481 (C.D. Cal. Aug. 30, 2018) ............. 6

*Moore v. Mars Petcare US, Inc.*,
  966 F.3d 1007 (9th Cir. 2020) .......................................................... 1, 4, 12

*Morales v. Trans World Airlines, Inc.*,
  504 U.S. 374 (1992) ........................................................................... 10

*Mosqueda v. Am. Honda Motor Co., Inc.*,
  443 F. Supp. 3d 1115 (C.D. Cal. 2020) .................................................. 5, 22

*Moss v. Infinity Ins. Co.*,
  197 F. Supp. 3d 1191 (N.D. Cal. 2016) ...................................................... 5

*Mullins v. Premier Nutrition Corp.*,
  No. 13-CV-01271-RS, 2018 WL 510139 (N.D. Cal. Jan. 23, 2018) .................. 6, 19

## <u>TABLE OF AUTHORITIES (cont.)</u>

**Page(s)**

**Federal Cases (cont.)**

*Munning v. Gap, Inc.,*
238 F. Supp. 3d 1195 (N.D. Cal. 2017)................................................................8

*N.K. Collins, LLC v. William Grant & Sons, Inc.,*
No. CV 19-00386 ACK-RT, 2020 WL 4043976 (D. Haw. July 17, 2020).............13, 15

*Neurovision Med. Prod., Inc. v. NuVasive, Inc.,*
No. CV096988DSFJEMX, 2014 WL 12554861 (C.D. Cal. Aug. 5, 2014)..................17

*Philips v. Ford Motor Co.,*
No. 14-cv-02989-LHK, 2015 WL 4111448 (N.D. Cal. July 7, 2015)
*aff'd* 726 F. App'x 608, 609 (9th Cir. 2018) ...........................................................5

*Pure Wafer Inc. v. City of Prescott,*
275 F. Supp. 3d 1173 (D. Ariz. 2017)..................................................................18

*Rael v. New York & Co. ("Rael II"),*
No. 16-cv-369, 2017 WL 3021019 (S.D. Cal. July 17, 2017) .................................3

*Ray v. Antioch Unified Sch. Dist.,*
107 F. Supp. 2d 1165 (N.D. Cal. 2000)................................................................13

*Robinson v. C.R. Bard, Inc.,*
No. 16-CV-00942-JST, 2016 WL 3361825 (N.D. Cal. June 17, 2016)......................6

*Rosenkrantz v. Arizona Bd. of Regents,*
No. CV-20-00613-PHX-JJT, 2020 WL 4346754 (D. Ariz. July 29, 2020).............19, 20

*Ruhliin v. N.Y. Life Ins. Co.,*
304 U.S. 202 (1938) .......................................................................................10

*Safransky v. Fossil Grp.  Inc.,*
No. 17CV1865-MMA (NLS), 2018 WL 1726620 (S.D. Cal. Apr. 9, 2018)..................9

*Salas v. Toyota Motor Sales, U.S.A., Inc.,*
No. CV 15-8629 FMO (EX), 2016 WL 7486600 (C.D. Cal. Sept. 27, 2016) .................5

*Schroeder v. United States,*
569 F.3d 956 (9th Cir. 2009) .............................................................................9

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,*
559 U.S. 393 (2010) ...................................................................................11, 12

*Smilow v. Sw. Bell Mobile Sys.  Inc.,*
323 F.3d 32 (1st Cir. 2003) ...............................................................................15

*Sonner v. Premier Nutrition Corp.,*
962 F.3d 1072 (9th Cir.)
*opinion amended and superseded on denial of reh'g*, 971 F.3d 834 (9th Cir. 2020)...passim

## TABLE OF AUTHORITIES (cont.)

**Page(s)**

**Federal Cases (cont.)**

*Starks v. Geico Indem. Co.*,
  No. CV 15-05771-MWF-PJW, 2016 WL 7743503 (C.D. Cal. Feb. 25, 2016) .............22

*Stationary Engineers Local 39 Health & Welfare Tr. Fund v. Philip Morris, Inc.*,
  No. C-97-01519 DLJ, 1998 WL 476265 (N.D. Cal. Apr. 30, 1998) ................................6

*Tong v. Capital Mgmt. Servs. Group Inc.*,
  520 F. Supp. 2d 1145 (N.D. Cal. 2007)..................................................................... 14

*Vicuna v. Alexia Foods Inc.*,
  2012 WL 1497507 (N.D. Cal. Apr. 27, 2013)................................................................ 8

*Wildin v. FCA US LLC*,
  No. 3:17cv-02594-GPC-MDD, 2018 WL 3032986 (S.D. Cal. June 19, 2018)..........7, 21

*Williams v. Gerber Prod. Co.*,
  552 F.3d 934 (9th Cir. 2008) ......................................................................................2

*Wycap Marine Corp. v. Wycap Design, LLC*,
  2018 WL 7287086 (S.D. Fla. Dec. 18, 2018) ............................................................21

*Younger v. Harris*,
  401 U.S. 37 (1971) ...................................................................................................10

*Yumul v. Smart Balance, Inc.*,
  733 F. Supp. 2d 1117 (C.D. Cal. 2010) .....................................................................13

**State Cases**

*Cel-Tech Commc'ns, Inc v. L.A. Cellular Tel. Co.*,
  20 Cal. 4th 163 (1999)..............................................................................................16

*Colgan v. Leatherman Tool Grp., Inc.*,
  135 Cal. App. 4th 663 (2006).....................................................................................16

*County of Fresno v. Lehman*,
  229 Cal. App. 3d 340 (1991) .....................................................................................13

Defendant's case, *Prudential Home Mortg. Co. v. Super. Ct.*,
  66 Cal. App. 4th 1236 (1998) .....................................................................................7

*Gutierrez v. Carmax Auto Superstores California*,
  19 Cal. App. 5th 1234 (2018) ....................................................................................16

*Loeffler v. Target Corp.*,
  324 P.3d 50 (Cal. 2014).............................................................................................7

*Martin v. Cty. of Los Angeles*,
  51 Cal. App. 4th 688 ................................................................................................10

1

## <u>TABLE OF AUTHORITIES (cont.)</u>

2

**Page(s)**

3

**State Cases (cont.)**

4

*McCormick v. Kopmann*,
   23 Ill. App. 2d 189 ................................................................................9

5

*McGill v. Citibank, N.A.*,
6   2 Cal. 5th 945 (2017) ..........................................................................20

7

*People v. Superior Court (J.C. Penney Corp.)*,
   34 Cal. App. 5th 376 (2019) ...............................................................14

8

*Porter v. Hu*,
9   116 Haw. 42 (Ct. App. 2007) ..............................................................15

10

*Smith v. State Farm Mutual Automobile Ins. Co.*,
   93 Cal. App. 4th 700 (2001) ...............................................................17

11

**State Statutes**

12

A.R.S. § 12–821.01(A) ...........................................................................20

13

Cal. Bus. & Prof. Code § 17200 ............................................................16

14

Cal. Bus. & Prof. Code § 17208 ........................................................1, 13

15

Cal. Bus. & Prof. Code § 17501 ..................................................2, 14, 15

16

Cal. Bus. & Prof. Code § 17205 ..........................................................4, 7

17

Cal. Bus. & Prof. Code § 17534.5 .......................................................4, 7

18

Cal. Civ. Code § 1752 ..........................................................................4, 7

19

Cal. Civ. Code § 1770 ............................................................................16

20

Cal. Civ. Code § 1770(a)(13) ................................................................17

21

Cal. Civ. Code § 1780(d) ..................................................................22, 23

22

Cal. Civ. Code § 1783 ........................................................................1, 13

23

Cal. Civ. Code § 2941 ..............................................................................7

24

Cal. Code Civ. Proc. § 338(a) .............................................................2, 13

25

**Federal Rules**

26

Fed. R. Civ. P. 8(d)(2)-(3) ........................................................................7

27

Fed. R. Civ. P. 12(g)(2) .....................................................................3, 22

28

Fed. R. Civ. P. 15(a) ...............................................................................22

## <u>TABLE OF AUTHORITIES (cont.)</u>

**Page(s)**

**Federal Rules (cont.)**

FED. R. CIV. P. 15(a)(2) ...................................................................................23

FED. R. CIV. P. 12(b)(6) ....................................................................................3

FED. R. CIV. P. 12(g) .......................................................................................22

FED. R. CIV. P. 15 ............................................................................................23

## I.    INTRODUCTION

*Sonner v. Premier Nutrition Corp.*, 962 F.3d 1072 (9th Cir.), *opinion amended and superseded on denial of reh'g*, 971 F.3d 834 (9th Cir. 2020) ("*Sonner*"), is not controlling here because it conflicts with the earlier submitted (though later published) Ninth Circuit panel decision in *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007 (9th Cir. 2020) ("*Moore*"), permitting precisely the type of pleading as Plaintiff's here. *Sonner* also conflicts with Supreme Court precedent applying the *Erie* doctrine.

But even if *Sonner* controls, it does not require dismissal of Plaintiff's claims for equitable monetary or injunctive relief in this action: whereas the *Sonner* plaintiffs conceded they had an adequate legal remedy and admittedly sought the same amount in restitution as and damages, 971 F.3d at 844, Plaintiff demonstrates that is not true in this case because her claims for equitable relief stretch beyond what damages under the CLRA could provide for at least four reasons.

First, the UCL carries a statute of limitations of four years, while the CLRA's is only three years. CAL. BUS. & PROF. CODE § 17208; CAL. CIV. CODE § 1783.[1]  Thus, dismissal of Plaintiff's UCL claims for equitable restitution would wipe out an entire year's worth of monetary recovery for the Class.

Second, Plaintiff may likely be able to prove liability and demonstrate common questions predominate under § 17501 of the FAL, but not the CLRA.  This is because, as with Plaintiff's pre-suit investigation, Plaintiff's motion for class certification and theory at trial will be premised on Defendant's violation of the 90-day lookback period articulated in

---

[1] While the FAL is governed by a three-year statute of limitations under CAL. CODE CIV. PROC. § 338(a), "any violation of the false advertising law ... necessarily violates' the []UCL." *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Thus, the FAL effectively carries a four-year statute of limitations.

§ 17501.[2] *See* FAC[3] ¶ 46. Without § 17501's unique test of liability, Plaintiff is left with the CLRA's far more nebulous standard, which will negatively impact Plaintiff's ability to obtain *any* monetary recovery for the Class, leaving them with an inadequate remedy at law. A ruling in Defendant's favor on this point would eviscerate § 17501 of California's False Advertising Law.

Third, Plaintiff's claim under the UCL "sweeps more broadly than the CLRA." *Allen v. Hylands, Inc.*, 773 F. App'x 870, 874 (9th Cir. 2019). While Plaintiff's claim under the "fraudulent" prong of the UCL is subject to the same "reasonable consumer" test as the CLRA, Plaintiff's claim under the "unfair" prong is more far-reaching, and, as alleged in ¶¶ 66-67, liability may be found if Defendant's practices "offended an established public policy of transparency in pricing" or "are immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers." ¶ 67. These tenets of liability seek to remediate broader harm for which there is no corollary under the CLRA, leaving any potential damages remedy therefore inadequate.

Fourth, contrary to Defendant's assertion, money damages are insufficient to compensate the irreparable injury Plaintiff, the Class, and general public will face without an equitable injunction to enjoin Defendant's ongoing false discounting scheme. The FAC's revised allegations satisfy both tests of Article III standing articulated in *Davidson v. Kimberly-Clark Corp.* ("*Davidson*"), 889 F.3d 956, 967-69. *See* ¶¶ 42-44. Accordingly, Plaintiff properly alleges a threat of imminent or actual harm and thus that money damages are inadequate. *See Matilda Dahlin v. Under Armour, Inc.* ("*Dahlin*"), No. CV 20-3706 PA (JEMx) (C.D. Cal. July 31, 2020) (Anderson, P.), ECF No. 20 at 6-7. (In response to *Sonner*-based challenge to equitable relief claims, explaining "even if Plaintiff could not

---

[2] "No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement." CAL. BUS. & PROF. CODE § 17501.

[3] Unless otherwise noted, all references to "¶_" are to the First Amended Class Action Complaint ("FAC") (ECF No. 25).

obtain restitution, she might be able to obtain injunctive relief.") (citing *Davidson*, 889 F.3d at 969).[4]

At the very least, these issues raise a question of fact as to the adequacy of a legal remedy, requiring that Defendant's motion be denied.

Finally, Defendant's argument that Plaintiff's CLRA claim fails due to noncompliance with the affidavit requirement of § 1780(d) is waived pursuant to FED. R. CIV. P. 12(g)(2) for Defendant's failure to raise it in Defendant's initial motion to dismiss. Alternatively, Plaintiff includes the affidavit as Exhibit 2 to the Braden Decl., or requests leave file an amended complaint including the affidavit, as permitted by § 1780(d).

## II.   LEGAL STANDARD

"A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint." *Rael v. New York & Co.* ("*Rael II*"), No. 16-cv-369, 2017 WL 3021019, at *2 (S.D. Cal. July 17, 2017). "The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party." *Id.*; *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 572 (2007).

## III.   ARGUMENT

### A.   This Case Is Not Controlled By *Sonner* But By *Moore*, Which Permits Plaintiff To Seek Cumulative Remedies Under The UCL, FAL, and CLRA

Cole Haan argues that *Sonner* requires a plaintiff "'must establish that she lacks an adequate remedy at law before securing' equitable relief under the UCL and CLRA." Mot. at 2 (quoting *Sonner*, 971 F.3d at 844). *Sonner*, however, is in conflict with the Ninth Circuit's later published decision in *Moore v. Mars Petcare US Inc.*, 966 F.3d 1007 (9th Cir. 2020), which, because it was submitted five months prior to *Sonner*, controls here. *Compare Moore*, 966 F.3d 1007 (argued and submitted July 19, 2019) *with Sonner*, 971 F.3d 834 (argued and submitted Dec. 3, 2019).

---

[4] *See* Declaration of Scott G. Braden, filed concurrently herewith, ("Braden Decl."), Ex. 1, *Dahlin* Minute Order.

In *Moore*, just as Cole Haan asserts here, "Defendants[] argu[ed] that Plaintiffs cannot seek equitable relief under the UCL or FAL, given an adequate legal remedy under the CLRA." 966 F.3d at 1021 n.13 (9th Cir. 2020). But the Court "reject[ed]" that argument as "foreclosed by statute" because "[t]he UCL, FAL and CLRA explicitly provide that remedies under each act are cumulative to each other." *Id.* (citing CAL. BUS. & PROF. CODE §§ 17205 & 17534.5; CAL. CIV. CODE § 1752); *see also id.* at 1016 ("As a federal court sitting in diversity [over Plaintiffs' California state law claims], we must apply the substantive law of California, as interpreted by the California Supreme Court.") (quoting *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1103 (9th Cir. 2013)).

Although *Sonner* was first published in June 2020 and *Moore* in July 2020, *Moore* was argued and submitted July 19, 2019—a full 24 weeks before *Sonner*, which was submitted on December 3, 2019. In the Ninth Circuit, the *submission date* controls when a decision becomes binding on future panels. *See In re Watts*, 298 F.3d 1077, 1084 n.2 (9th Cir. 2002) (O'Scannlain, J., Concurring) (citing 9th Cir. Gen. Order 4.1(a)). Thus *Moore*, not *Sonner*, controls here.

And, like this case, *Moore* was a false advertising case much earlier in its lifespan than *Sonner*. *Compare Moore*, 966 F.3d at 1015 ("Plaintiffs filed their Second Amended Complaint in August 2017") with *Sonner*, 971 F.3d at 838. In *Sonner*, litigation had been underway since 2013—both sides had taken discovery, engaged in extensive motion practice, and trial was less than two months away. *Id. Sonner* also involved highly unusual facts where the plaintiff dropped an ostensibly viable claim for damages in favor of a restitution claim ("injunctive relief [was] not at issue") on the "eve of trial" to avoid a class jury trial. 971 F.3d at 838, 842. The district court took umbrage with the plaintiff's strategy, stating that it was a "total prejudice to the court system" and would be "unfair" and "prejudicial" to the defendant. *Id.*

Critically, unlike *Moore* and this case, "Sonner concede[d] that she [sought] the same sum in equitable restitution as "***a full refund of the purchase price***"—$32,000,000—as she requested in damages to compensate her for the same past harm." *Id.* at 844 (emphasis

added); *see also id.* ("Sonner fails to explain how the same amount of money for the exact same harm is inadequate or incomplete, and nothing in the record supports that conclusion.").[5] This made her claim for equitable relief entirely duplicative of the readily available legal remedy.[6] *Sonner* thus did not, as Cole Haan alludes, preclude alternative pleading of equitable and monetary relief under Rule 8 in *all* cases.

---

[5] Here, Plaintiff engages in no such "prejudicial" tactics and will *not* seek to employ a full refund damages or restitution model. *See Chowning v. Kohl's Dep't Stores, Inc.*, No. CV1508673RGKSPX, 2016 WL 1072129, at *12 (C.D. Cal. Mar. 15, 2016), *aff'd*, 735 F. App'x 924 (9th Cir. 2018), *amended on denial of reh'g*, 733 F. App'x 404 (9th Cir. 2018), *and aff'd*, 733 F. App'x 404 (9th Cir. 2018) (rejecting full refund model as measure of restitution in false discount pricing case, which endorsing "price premium" model as "a viable measure of restitution").

[6] Many of Cole Haan's cases are distinguishable on the same grounds. These cases primarily consist of product defect—*not* false advertising—cases where the plaintiffs faced no possible threat of future harm either because the alleged misconduct was not ongoing or because they failed to allege any interest in again purchasing the at-issue product and so were not entitled to injunctive relief where damages would satisfy all harm. *See* Mot. at 5-6, n.2, 8, n.3 (citing *Philips v. Ford Motor Co.*, No. 14-cv-02989-LHK, 2015 WL 4111448, at *1 (N.D. Cal. July 7, 2015), 16, *aff'd* 726 F. App'x 608, 609 (9th Cir. 2018) (claim involved defective Ford Fusions model years 2010-2014); *Mosqueda v. Am. Honda Motor Co., Inc.*, 443 F. Supp. 3d 1115, 1121 (C.D. Cal. 2020) (claim for defective braking systems limited to 2016-2019 Honda Accords); *Durkee v. Ford Motor Co.*, No. C 14-0617 P JH, 2014 WL 4352184, at *1 (N.D. Cal. Sept. 2, 2014) (alleged motor vehicle defect related only to 2005 Ford F-250 trucks); *Duttweiler v. Triumph Motorcycles (Am.) Ltd.*, No. 14-CV-04809-HSG, 2015 WL 4941780, at *1 (N.D. Cal. Aug. 19, 2015) (claim limited to 2006-2009 Triumph motorcycles); *Moss v. Infinity Ins. Co.*, 197 F. Supp. 3d 1191, 1195 (N.D. Cal. 2016) (individual claims related to denial of insurance claim for auto collision: "Plaintiff does not dispute that she has an adequate remedy at law by way of her breach of contract claims"); *Salas v. Toyota Motor Sales, U.S.A., Inc.*, No. CV 15-8629 FMO (EX), 2016 WL 7486600, at *1 (C.D. Cal. Sept. 27, 2016) (claim for defective HVAC systems limited to 2012-2015 Toyota Camrys); *Adams v. I-Flor Corp.*, No. CV09-09550 R SSX, 2010 WL 1339948, at *1, *7 (C.D. Cal. Mar. 30, 2010) (injunctive relief request stricken in medical device mass tort where "Plaintiffs claim[ed] injury as a result of the unidentified pain pumps' administration of [] unidentified anesthetics" and where plaintiffs sought to enjoin defendant "from engaging in unspecified acts"); *Bird v. First Alert, Inc.*, No. C 14-3585 PJH, 2014 WL 7248734, at *4 (N.D. Cal. Dec. 19, 2014) ("[B]y plaintiff's own admission, she has no intention of ever purchasing one of defendant's ionization fire alarms in the future. Thus, there is no likelihood that she will be wronged again in the same way."); *Milman v. FCA U.S., LLC*, No. SACV1800686JVSSSX, 2018 WL 5867481, at *3 (C.D. Cal. Aug. 30, 2018) (claim related to use of soy- and bio-based materials in Jeep vehicles' electrical wiring systems and plaintiff did not seek injunctive relief or allege any interest in purchasing another Jeep vehicle); *Robinson v. C.R. Bard, Inc.*, No. 16-CV-00942-JST, 2016 WL 3361825, at *1 (N.D. Cal. June 17, 2016) (individual personal injury plaintiff made no allegation of future harm risk); *Dotster, Inc. v. Internet Corp. For Assigned Names & Numbers*, 296 F. Supp. 2d 1159, 1160, 1162-63 (C.D. Cal. 2003) (plaintiffs not entitled to injunction at summary judgment and motion for preliminary injunction where damages were "speculative and any damage incurred [could] be compensated by money damages."); *Stationary Engineers Local 39 Health & Welfare Tr. Fund v. Philip Morris, Inc.*, No. C-97-01519 DLJ, 1998 WL 476265 (N.D. Cal. Apr. 30, 1998) (UCL and

1   Moreover, the defendant in *Sonner* did "not object to Sonner's right to seek an

2   injunction … as the availability of injunctive relief [was] not being questioned." *Mullins v.*

3   *Premier Nutrition Corp.*, No. 13-CV-01271-RS, 2018 WL 510139, at *4 (N.D. Cal. Jan. 23,

4   2018), *aff'd sub nom. Sonner v. Premier Nutrition Corp.*, 962 F.3d 1072 (9th Cir. 2020);

5   *see also id.* at *4, n.5 ("the contention that a plaintiff make (*sic*) seek damages for past harm

6   in addition to a forward looking injunction is similarly undisputed."). Thus, *Sonner* **only**

7   involved the availability of equitable restitution for past harm (with the benefit of discovery

8   and a full record). *Id.* Although this Court's Order (ECF No. 22, the "Order") criticized that

9   "Plaintiff provide[d] no authority for the importance of this distinction" in *Dahlin*, a post-

10  *Sonner* outlet false discount pricing case like this one, a Central District court upheld the

11  plaintiff's claims for restitution and injunctive relief on this very basis:

> Under Armour seeks dismissal of Plaintiff's efforts to obtain restitution because, according to Under Armour, Plaintiff has an adequate remedy at law. See Sonner v. Premier Nutrition Corp., 962 F.3d 1072, 1079 & 1081 (9th Cir. 2020) (analyzing whether "a federal court sitting in diversity can award equitable restitution under state law if an adequate legal remedy exists" and concluding that a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA").

> Although Plaintiff may face significant hurdles obtaining restitution as a remedy, see Chowning v. Kohl's Dept. Stores, Inc., 733 F. App'x 404 (2018) (affirming summary judgment because the plaintiff could not establish a factual basis for entitlement to restitution), **the Court is unable, at this stage, to conclude that Plaintiff has an adequate remedy at law. Indeed, even if Plaintiff could not obtain restitution, she might be able to obtain injunctive relief.** See Davidson v. Kimberly-Clark Corp., 889 F. 3d 956, 969 (9th Cir. 2018 ("We hold that a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase . . . ."). **As a result, the Court cannot conclude, at this stage, that Plaintiff has an adequate damages remedy that forecloses all equitable relief.**

24  Braden Decl., Ex. 1, at 6-7 (emphasis added).[7]

---

unjust enrichment claims were "merely a restatement of [plaintiffs'] fraud cause of action," advancing "the same theory of liability.").
[7] The defendant in *Dahlin* also relied on many of the same authorities Cole Haan now presents. *See Dahlin*, No. CV 20-3706 PA (JEMx), ECF No. 14 (Motion to Dismiss Complaint) at 10-12.

Further, *Moore*, like *Dahlin*, accords with the well-reasoned approach that plaintiffs may *plead* equitable relief in the alternative for two key reasons. First, the Federal Rules of Civil Procedure expressly permit pleading in the alternative. FED. R. CIV. P. 8(d)(2)-(3). Second, the California Business & Professions Code specifically states that the remedies for a UCL or FAL violation are "cumulative to each other and to the remedies or penalties available under all other laws of this state." CAL. BUS. & PROF. CODE §§ 17205, 17534.5; *see Cabrales v. Castle & Cooke Mortg. LLC*, No. 1:14-CV-01138-MCE, 2015 WL 3731552, at *4 (E.D. Cal. June 12, 2015) ("the UCL on its face makes it plain that resort to its remedies does not preclude other avenues of relief."). The CLRA similarly provides that "[t]he remedies provided herein … shall be in addition to any other procedures or remedies for any violation or conduct provided for in any other law." CAL. CIV. CODE § 1752; *see Gonzales v. Car Max Auto Superstores, LLC*, 845 F.3d 916, 918 (9th Cir. 2017); *Loeffler v. Target Corp.*, 324 P.3d 50, 76 (Cal. 2014) ("Like the UCL, CLRA remedies are not exclusive").[8]

And while some courts have dismissed claims for equitable relief at the pleading stage on the basis that an adequate remedy at law exists, *see, supra*, n.6, many have held that dismissal on this basis is premature. *See, e.g.*, *Wildin v. FCA US LLC*, No. 3:17cv-02594-GPC-MDD, 2018 WL 3032986, at *7 (S.D. Cal. June 19, 2018) ("the normal rule that the appropriate form of relief is not to be decided upon a motion to dismiss.") (internal citation omitted); *Beasley v. Conagra Brands, Inc.*, 374 F. Supp. 3d 869, 879 n.2 (N.D. Cal. 2019) ("[Q]uestions about the appropriateness of specific remedies are premature at this stage of the litigation."); *Espineli v. Toyota Motor Sales U.S.A., Inc.*, No. 2:17-cv-00698-KJM-CKD, 2018 WL 3769383, at *4 (E.D. Cal. Aug. 9, 2018) ("Seeing no basis in California or federal law for prohibiting the pursuit of alternate remedies at this early stage, this court joins those courts declining to dismiss plaintiffs' equitable claims on this basis.");

---

[8] Thus, unlike here, in Defendant's case, *Prudential Home Mortg. Co. v. Super. Ct.*, 66 Cal. App. 4th 1236, 1249-50 (1998), the UCL claim was dismissed because it conflicted with the ***exclusive statutory remedies*** set forth in CAL. CIV. CODE § 2941 that governed the claim at issue.

*Aberin v. Am. Honda Motor Co.*, No. 16-CV-4384-JST, 2018 WL 1473085, at *9 (N.D. Cal. Mar. 26, 2018) ("This Court joins the many other courts, however, … finding no bar to the pursuit of alternative remedies at the pleading stage."); *Vicuna v. Alexia Foods Inc.*, 2012 WL 1497507, at *3 (N.D. Cal. Apr. 27, 2013) ("at the pleading stage, a plaintiff is allowed to assert inconsistent theories of recovery."); *see also Adkin v. Comcast Corp.*, No. 16-cv-05969-VC, 2017 WL 3491973, at *3 (N.D. Cal. Aug. 1, 2017) (acknowledging *Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195 (N.D. Cal. 2017), and stating "[b]ut this Court is aware of no basis in California or federal law for prohibiting the plaintiffs from pursuing their equitable claims in the alternative to legal remedies at the pleading stage."); *Marshall v. Danone US, Inc.*, 402 F. Supp. 3d 831, 834 (N.D. Cal. 2019) (explicitly disavowing *Munning*, 238 F. Supp. 3d 1195, because permitting plaintiffs to plead equitable claims in the alternative "appears more consistent with ordinary pleading principles[.]").

   This Court even acknowledged in its Order granting Defendant's prior motion that courts do "allow plaintiffs to plead equitable relief in the alternative to legal relief [without] determine[ing] whether equitable relief is inadequate on a motion to dismiss" but dismissed Plaintiff's complaint because "she has not plead that she is entitled to legal damages." Order at 4; *see id.* ("That Adams says that she may amend her complaint later to seek CLRA damages in the future … does not mean that her complaint is pleading legal damages in the alternative in its present form."). The FAC complies with the Court's mandate by adding a claim for damages under the CLRA, so that the equitable and legal claims are now "in the alternative." ¶ 91; Prayer for Relief ¶ B. Indeed, the very alternative pleading at issue here has been specifically upheld in other false discount pricing cases like this one. *See, e.g.*, *Covell v. Nine W. Holdings Inc.*, No. 3:17-CV-01371-H-JLB, 2018 WL 558976, at *7-*8 (S.D. Cal. Jan. 25, 2018) ("If Plaintiff ultimately prevails on her claims, she will still need to show that equitable relief is the only way to remedy a specific type of injury suffered by herself or the class. However, she may be able to do so by, for example, arguing that injunctive relief is the only way to protect the class from future deceptive behavior.");

*Safransky v. Fossil Grp. Inc.*, No. 17CV1865-MMA (NLS), 2018 WL 1726620, at \*15 (S.D. Cal. Apr. 9, 2018) ("Here, the Court finds persuasive the *Covell* court's reasoning.").

Both *Moore* and the above cases recognized the traditional rationale behind permitting pleading in the alternative that (1) without access to discovery, plaintiffs may not have all of the necessary facts to discern the most viable remedial theory during the pleading stage; and (2) courts should seek to resolve different theories in a single action in the interest of judicial economy. *See McCormick v. Kopmann*, 23 Ill. App. 2d 189, 201-02 N.E.2d 720 (Ill. App. Ct. 1959) (finding that when a plaintiff does not yet have access to the necessary facts, "pleading in the alternative is often the only feasible way to proceed."). Thus, considering "the broad remedial purposes of the California consumer protection statutes [,]" it is premature to determine whether the pursuit of legal remedies would even be viable. *Luong v. Subaru of Am., Inc.*, No. 17-cv-03160-YGR, 2018 WL 2047646, at \*7 n.6 (N.D. Cal. May 2, 2018) (permitting claims for equitable relief to proceed as an alternative remedy at the pleading stage).

Defendant's pre-*Sonner* Ninth Circuit and Supreme Court citations likewise indicate that a decision on equitable relief is premature at the pleading stage. *Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009) affirmed a district court holding that occurred *at summary judgement*—i.e., a more appropriate stage for addressing the suitability of specific remedies given the court's access to a fuller record. And in the more recent *Luong*, *supra*, 2018 WL 2047646, at \*7, the defendant's reliance on *Schroeder* was "unavailing," because "[t]he availability of monetary damages does not preclude a claim for equitable relief under the UCL and CLRA based upon the same conduct." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 375, 381 (1992) also affirmed a district court's decision at summary judgement and involved distinct facts concerning preemption by the Airline Deregulation Act of state deceptive practices law. Further, the Supreme Court went on to conclude that

notwithstanding the adequate-remedy-at-law rule, "*injunctive relief was available*." *Id.* at 381 (emphasis added).[9]

## B. Sonner Conflicts With Supreme Court Precedent Applying The *Erie* Doctrine

Although this Court is bound by *Moore* and not *Sonner*, it merits further discussion that that Sonner does in fact conflict with binding Supreme Court precedent. The decision in *Sonner* is premised on a passage from *Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99 (1945) ("*York*"), which came from a series of **pre**-*Erie* Supreme Court decisions regarding the equitable powers of federal diversity courts. *See Sonner*, 971 F.3d at 840 (quoting *York*, 326 U.S. at 105-106). When read in full context, that passage says that, **pre**-*Erie*, federal courts applied federal equitable law to state substantive rights. *See York*, 326 U.S. at 105-106. However, as *York* acknowledges, once *Erie* was applied in equity, *see York*, 326 U.S. at 107 (citing *Ruhliin v. N.Y. Life Ins. Co.*, 304 U.S. 202 (1938)), the relevant inquiry is not whether equity or law was at issue, but whether federal or state law forms the basis for the parties' underlying substantive rights. *See id.* at 107-108 ("Is the outlawry, according to State law, of a claim created by the States as matter of 'substantive rights' to be respected by a federal court of equity when that court's jurisdiction is dependent on the fact that there is a State-created right, or is such statute of 'a mere remedial character,' which a federal court may disregard?") (quoting *Henrietta Mills v. Rutherford Cty.*, 281 U.S. 121 (1930)).

In diversity cases, "[e]xcept in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State." *Erie R.R. Co. v.*

---

[9] Other cases cited by Defendant's are inapposite for their remarkably distinct facts and procedural postures. *See, e.g., Martin v. Cty. of Los Angeles*, 51 Cal. App. 4th 688, 688-89 (trial court erred in precluding third-party defendant from jury trial on cross-complaint for equitable indemnity following wrongful death trial where jury's determination of liability was given collateral estoppel effect); *Copelan v. Infinity Ins. Co.*, 359 F. Supp. 3d 926 (C.D. Cal. 2019) (summary judgment granted on breach of contract and UCL claims where plaintiff sought insurance reimbursement beyond auto policy limit for "stigma" damages (diminution in value from accident history) where no risk of future harm existed: "[p]laintiff alleged causes of action which, if successful, would have provided an adequate remedy at law"); *Younger v. Harris*, 401 U.S. 37, 43–44 (1971) (plaintiff failed to allege any of the necessary elements for an injunction and instead wholly relied on the statute's unconstitutionality).

*Tompkins*, 304 U.S. 64, 78 (1938) ("*Erie*"). This long-standing rule is "one of the modern cornerstones of our federalism, expressing policies that profoundly touch the allocation of judicial power between the state and federal systems." *Hanna v. Plumer*, 380 U.S. 460, 474 (1965) (Harlan, J., Concurring).   Under the *Erie* doctrine, application of federal law in diversity cases is limited and circumscribed. Congress may "supplant state law" only where the federal law regulates "the process for enforcing" the parties' rights but does not "alter[] the rights themselves, *the available remedies*, or the rules of decision by which the court adjudicated either." *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 406-408 (2010) (emphasis added).   In other words, in diversity cases, "federal rules cannot displace a State's definition of its own rights or remedies." *Id.* at 418 (Stevens, J., Concurring); *see also Byrd v. Blue Ridge Rural Elec. Coop.*, 356 U.S. 525, 538 (1958) (federal diversity courts must apply state rules where the state rule is "bound up with rights and obligations" of the parties).

This is the conclusion *York* reached as well, despite that the *Sonner* panel relied on that Court's decision to conclude otherwise:

> The source of substantive rights enforced by a federal court under diversity jurisdiction, it cannot be said too often, is the law of the States. Whenever that law is authoritatively declared by State, whether its voice be the legislature or its highest court, such law ought to govern in litigation founded on that law, whether the forum of application is a State or a federal court and whether the remedies be sought at law or may be had in equity.

*York*, 326 U.S. at 112.

In the 75 years since *York*, the Supreme Court has repeatedly held that both legal *and* equitable remedies in diversity cases are constrained by the underlying state law. *See Angel v. Bullington*, 330 U.S. 183, 191-92 (1947) (where state law expressly restricted the type of equitable relief, the federal diversity court was bound by state law); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 52 (1991) (relying on *Erie* and *York* to find that "when there is a conflict between state and federal substantive law" regarding the availability of equitable relief, state law applies); *Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 437 (1996) ("when New York substantive law governs a claim for relief, New York law and decisions guide

the allowable damages"); *see also Shady Grove*, 559 U.S. at 420 (citing *Gasperini* as an example of a state law that defined the remedy and thus controlled).

*Sonner* therefore directly conflicts with *York* and *Shady Grove* by altering in diversity cases a California litigant's statutory right to a restitutionary remedy. This right is substantive, as *Sonner* itself acknowledges. *See Sonner*, 971 F.3d at 839.  If, as here, the source of the equitable remedy is express state law, under *York* and *Erie*, equitable relief is governed by state law. In sum, the right to restitution (and injunctive relief) under the UCL and CLRA is a substantive state right "to be respected by a federal court of equity when that court's jurisdiction is dependent on the fact that there is a State-created right." *York*, 326 U.S. at 107-108.

## C.   Although Unnecessary, Plaintiff Sufficiently Alleges Legal Remedies Are Inadequate

Although Cole Haan's argument is "foreclosed by statute," *Moore*, 966 F.3d at 1021 n.13, it is also wrong: if Plaintiff must allege available legal remedies are inadequate, she has sufficiently done so here. Cole Haan's argument is premised on two inaccuracies that, once corrected, "establish that [Plaintiff] lacks an adequate remedy at law" and so may "secur[e] equitable relief under the UCL and CLRA." Mot. at 4 (quoting *Sonner*, 971 F.3d at 844).  Namely, Cole Haan asserts that Plaintiff seeks equitable restitution and injunctive relief *for the exact same harm* and *the exact same amount of money* for which damages are available to compensate her. *See* Mot.at 7. However, neither is true here for each of the four reasons explained below.

### 1.   Plaintiff's Equitable UCL Claim Is Governed By A Four-Year Statute Of Limitations, While The CLRA Claim Is Governed By A Three-Year Statute of Limitations

Plaintiff's claims under the "CLRA and FAL [] are subject to a three-year statute of limitations and UCL claims are subject to a four-year statute of limitations." *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1130 (C.D. Cal. 2010) (citing CAL. CIV. CODE § 1783 (setting a three-year statute of limitations for actions under the CLRA); CAL. BUS. & PROF. CODE § 17208 (setting a four-year statute of limitations for actions under the UCL); CAL.

CODE CIV. PROC. § 338(a) (providing a default three-year statute of limitations for actions created by statute); *County of Fresno v. Lehman*, 229 Cal. App. 3d 340, 346 (1991) (applying the three-year statute in § 338 to an FAL claim)). Accordingly, Plaintiff and the Class may "rel[y] on section 17200 to claim an additional year's worth of [monetary recovery] based on [purchases] for which [they] cannot recover under" the CLRA and FAL claims. *Cf. Maravilla v. Rosas Bros. Constr., Inc.*, 401 F. Supp. 3d 886, 901 (N.D. Cal. 2019) (awarding an additional year of lost wages under UCL that were unavailable under Labor Code).

Thus, dismissal of Plaintiff's equitable UCL claim for restitution would deprive Plaintiff and the Class of approximately 25% of the monetary remedy sought in this action as any recovery for purchases between May 15, 2016 and May 15, 2017 would be precluded. *See N.K. Collins, LLC v. William Grant & Sons, Inc.*, No. CV 19-00386 ACK-RT, 2020 WL 4043976, at *17 (D. Haw. July 17, 2020) ("In contrast, cases dismissing [equitable restitution] claims based on an adequate remedy at law involve differing claims for the same remedy.") (citing *Sonner*, 962 F.3d at 1081).

To the extent necessary, the FAC can easily to amended to clarify that Plaintiff seeks an additional year's-worth of monetary remedy under the UCL beyond what is available under a CLRA claim for damages. However, it is unnecessary for Plaintiff to make such an express statement in the complaint, especially where this additional year's-worth of monetary recovery is implicit in the FAC's Class definition which includes all relevant purchases "within the preceding four years." ¶ 55. *See Ray v. Antioch Unified Sch. Dist.*, 107 F. Supp. 2d 1165, 1168 (N.D. Cal. 2000) ("the court must . . . construe all inferences reasonably drawn from th[e] facts [alleged in the complaint] in favor of the responding party.") (citing *Gen. Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church,* 887 F.2d 228, 230 (9th Cir.1989)); *Tong v. Capital Mgmt. Servs. Group Inc.*, 520 F. Supp. 2d 1145, 1147 (N.D. Cal. 2007) (same).

### 2. Plaintiff May Prove Liability And Certify A Class Under § 17501 Of The FAL But Not The CLRA

Second, Plaintiff's entire theory of liability, including the pre-suit investigation performed by Plaintiff's counsel, is substantially predicated on Defendant's violation of the FAL's 90-day lookback period. Cal. Bus. & Prof. Code § 17501. Indeed, Plaintiff's counsel's investigation revolved around ensuring that Defendant did not sell outlet merchandise at its advertised reference price within the 90 days preceding Plaintiff's purchase and failed to disclose to consumers the date on which outlet merchandise was last offered at its advertised reference price. *See* ¶¶ 20, 31-33.  As set forth in the FAC, this test of liability go to the heart of Plaintiff's case and the same test is not available under a CLRA legal claim for damages. ¶ 46.

Plaintiff contends that Cole Haan did not comply with the FAL for any outlet merchandise during the Class Period. Crucially, Plaintiff's expert can analyze Cole Haan's sales data and confirm, in one mechanical "stroke," that it violates the FAL with respect to the items purchased by Plaintiff and the Class during the relevant time period, *precisely because of the 90-day lookback period*.  This can be done by measuring the "prevailing market price" of the merchandise during the 90 days preceding the publication of each product's advertised reference price at a Cole Haan outlet store.  This same rigidity is not available under the CLRA[10] and a damages model predicated on Defendant's violation of the more-amorphous CLRA standard may not even be viable. ¶ 45. *See N.K. Collins, LLC*, 2020 WL 4043976, at *16 ("If Collins LLC's statutory or common law claims were to (1) prevail and (2) offer insufficient damages, [equitable restitution] may plausibly fill in that gap."); *Porter v. Hu*, 116 Haw. 42, 55–56 (Ct. App. 2007) ("[T]he mere availability of

---

[10]  Defendant's intimation that California has somehow held § 17501 of the FAL unconstitutional for restricting greater speech than what is prohibited under the CLRA is wrong.  The California Court of Appeal plainly denied the free speech challenge to § 17501. *See People v. Superior Court (J.C. Penney Corp.)*, 34 Cal. App. 5th 376, 385, 399 (2019), *as modified on denial of reh'g* (May 6, 2019) ("Here, the meager record permits no evaluation of the validity of the section 17501 under the Central Hudson test.").

some figure of tort damages does not by itself preclude an award founded on [equitable restitution].").

Additionally, Plaintiff's FAL claim under § 17501 claim is uniquely suited to Plaintiff's charge at class certification. The § 17501 asks whether a "regular" price equaled the prevailing market price "within three months next immediately preceding the publication of the advertisement." This claim is ideally suited for class certification because it presents a single question that can be evaluated based on objective criteria—i.e., whether the advertised reference price was employed as the actual sale price within 90 days of its publication—in a way that § 1770(a)(13) of the CLRA cannot. *See Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 459 (2013); *Smilow v. Sw. Bell Mobile Sys. Inc.*, 323 F.3d 32, 40 (1st Cir. 2003) ("Common issues predominate where individual factual determinations can be accomplished using computer records, clerical assistance, and objective criteria-thus rendering unnecessary an evidentiary hearing on each claim.") (citations omitted).

Contrary to Defendant's argument, this is nothing like the situation in *Sonner*, where the plaintiff admittedly sought the exact same amount—$32,000,000—in restitution and damages. *Sonner*, 971 F.3d at 844. Further, Plaintiff's claim under FAL does not "rel[y] on the same factual predicates as [her] legal causes of action" and therefore is *not* "duplicative of those legal causes of action[,]" Mot. at 11 (citation omitted), because the 90-day lookback test of liability is *not* available under the CLRA. Thus, dismissal of the FAL claim would dismantle Plaintiff's chief theory of liability at trial, as plausibly alleged in FAC ¶ 46, thereby drastically limiting her available remedies and possibly leaving Plaintiff and the Class with nothing under a CLRA damages claim, which may not even be certifiable.

### 3. The Harm Sought to be Remedied Under the UCL's "Unfair" Prong is Broader Than the Harm Sought To Be Remedied By the CLRA

Third, Cole Haan is wrong that "Plaintiff here fails to explain how [damages] for the exact same harm is inadequate [,]" because the equitable relief Plaintiff seeks is not for the "exact same harm." *See* Mot. at 9. Rather, Plaintiff's "UCL claim … encompasse[s] both a

deceptive advertising theory *and an unfair business practices theory*." *See Allen v. Hylands, Inc.*, 773 F. App'x 870, 874 (9th Cir. 2019) (emphasis added). "The UCL's prohibition of unfair business practices sweeps more broadly than the CLRA[.]" *Id.* (*comparing* Cal. Bus. & Prof. Code § 17200; *Cel-Tech Commc'ns, Inc v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) *with* Cal. Civ. Code § 1770). In *Allen*, the Ninth Circuit explained:

> The UCL's unfair prong can apply to business practices that are against public policy, that are "immoral, unethical, oppressive, unscrupulous or substantially injurious," or that cause unforeseeable injuries to consumers that are not outweighed by countervailing benefits. [Thus,] [t]he jury's narrow findings as to deceptive advertising ***do not resolve [Plaintiff's] broader unfair practices theory*** … [and] the district court must engage in fact-finding to resolve this claim, and erred in granting judgement to [defendants] without doing so").

*Id.* (internal citations omitted).

As in *Allen*, Plaintiff here alleges violations of the UCL's "fraudulent" prong—subject to the same test as Plaintiff's CLRA claims—***and*** violations of the UCL's "unfair" prong. Specifically, Plaintiff alleges Cole Haan's conduct is unfair because it "offended an established public policy of transparency in pricing, … [is] immoral, unethical, oppressive, and unscrupulous" and "substantially injurious to consumers." ¶ 67. As expressed in *Allen*, these tenets of liability address broader harms than are remediable under the CLRA, which only remedies "[c]onduct that is likely to mislead a reasonable consumer[.]" *Colgan v. Leatherman Tool Grp., Inc*., 135 Cal. App. 4th 663, 680 (2006); *see also Gutierrez v. Carmax Auto Superstores California*, 19 Cal. App. 5th 1234, 1269 n.7 (2018), *as modified on denial of reh'* (Feb. 22, 2018) ("By its plain language, the CLRA does not cover every unfair or deceptive act imaginable, just those particular acts listed."). Thus, Plaintiff's UCL "unfair" claim is not based on "the same factual predicates" as Plaintiff's legal claim under the CLRA—that Defendant made "false or misleading statements of fact concerning reasons for, existence of, or amounts of price reduction." ¶ 82 (quoting Cal. Civ. Code § 1770(a)(13)); *see Smith v. State Farm Mutual Automobile Ins. Co.*, 93 Cal. App. 4th 700, 718 (2001) (recognizing the standard under the "unfair" prong of the UCL "is intentionally broad, thus allowing courts maximum discretion to prohibit new schemes to defraud.").

16

Even Cole Haan's cases on this point recognize an "entitlement to equitable relief" where plaintiffs "allege facts *suggesting* that damages under the CLRA alone would not provide adequate relief." *See, e.g.*, *Duttweiler*, 2015 WL 4941780, at *8; *Gomez v. Jelly Belly Candy Co.*, 2017 WL 8941167, at *2 (C.D. Cal. Aug. 18, 2017) (to pursue restitution, plaintiff must "allege[] facts that *could support* a future finding that monetary relief is insufficient to compensate her for the alleged harm") (emphasis added);[11] *Gibson v. Jaguar Land Rover N. Am., LLC*, No. CV2000769CJCGJSX, 2020 WL 5492990, at *3 (C.D. Cal. Sept. 9, 2020) (same).

### 4. Legal Damages Under the CLRA Are Inadequate To Remedy Plaintiff's Equitable Claim for Public Injunctive Relief

Plaintiff sufficiently alleges the necessity for equitable relief because she plausibly alleges an "imminent or actual threat of future harm due to [Defendant's ongoing false discount pricing scheme]." *Davidson*, 889 F.3d at 971, *cert. denied*, 139 S. Ct. 640, 202 L. Ed. 2d 492 (2018). *See* ¶¶ 42-44. Defendant argues that "Plaintiff fails to explain why monetary damages would not be sufficient to compensate her for potential future monetary injury." Mot. at 7. However, as recognized by the Ninth Circuit in *Cont'l Airlines, Inc. v. Intra Brokers, Inc.*, 24 F.3d 1099, 1104 (9th Cir. 1994), "too many lawsuits would be needed to redress the harm if an injunction were denied." *See also Neurovision Med. Prod., Inc. v. NuVasive, Inc.*, No. CV096988DSFJEMX, 2014 WL 12554861, at *1 (C.D. Cal. Aug. 5, 2014) ("If NuVasive were allowed to continue to [in the complained of practice], Plaintiff's only remedy would be to sue NuVasive repeatedly."); *Metro–Goldwyn–Mayer Studios, Inc  v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1211 (C.D. Cal. 2007) (remedies at law inadequate where defendant's continued conduct would force

---

[11] In *Gomez*, 2017 WL 8941167, at *1, the court had already dismissed an earlier version of the complaint because, *inter alia*, the allegations of standing to pursue injunctive relief were deficient. The plaintiff filed an amended complaint under California's consumer statutes and for negligent misrepresentation but failed to rectify the original complaint's deficient allegations of future harm, and the court again found the plaintiff's equitable claims insufficient. *Id.* at *2. Thus, contrary to the allegations here, the *Gomez* plaintiff "ha[d] not even alleged facts that could support a future finding that monetary relief is insufficient to compensate her for the alleged harm." *Id.*

plaintiff to file "multiple lawsuits" which was "itself supportive of an irreparable harm finding."); *Pure Wafer Inc. v. City of Prescott*, 275 F. Supp. 3d 1173 (D. Ariz. 2017) (legal remedies inadequate where "merely ordering City to pay damages while the City continues to breach the terms of the Development Agreement would be "contrary to the ends of justice").

The Court previously found Plaintiff's allegations of irreparable injury supporting her claim for injunctive relief to be "conclusory." Order at 5 (citing Compl. at ¶ 84). However, the Court granted Plaintiff leave to amend, adding that it "[was] not convinced that any amendment to the complaint would be futile." Order at 6. The FAC eminently improves allegations that Plaintiff faces an actual and imminent threat of future harm from Defendant's ongoing false and deceptive discount pricing scheme, satisfying both tests for standing to seek for injunctive relief set forth in *Davidson v. Kimberly-Clark Corporation*, 873 F.3d 1103, 1113-15 (9th Cir. 2017).

In *Davidson*, the Ninth Circuit held "that a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an actual and imminent, not conjectural threat of future harm." *Id.* at 1114–15. Under *Davidson*, "threat of future harm" can either be demonstrated by allegations that the consumer would not be able to rely on the advertising in the future, or where the plaintiff alleges she might purchase the product again in the future, "despite the fact that it was once marred by false advertising." *Id.*

The FAC satisfies both. *See* ¶ 42 ("Plaintiff is susceptible to reoccurring harm because she cannot be certain that Defendant has corrected its deceptive pricing scheme, and she desires to continue to purchase Cole Haan outlet merchandise from Cole Haan California outlet stores … [h]owever, she currently cannot trust that Defendant will label and/or advertise the merchandise truthfully and in a non-misleading fashion in compliance with applicable law."); ¶ 43 ("[B]ecause of the wide selection of merchandise available[,] … the fact that there are numerous items of outlet merchandise involved in Defendant's

1   deceit, and due to the likelihood that Defendant may yet develop and market additional
2   outlet merchandise items for sale at its California outlet stores, Plaintiff may again, though
3   by mistake, purchase a falsely discounted product from Defendant under the impression
4   that the advertised reference price represented a *bona fide* former price at which the item
5   was previously offered for sale by Defendant."). These revised allegations provide the
6   support for Plaintiff's claim for injunctive relief that the Court previously found lacking.
7   Order at 5.

8        In *Davidson*, the Ninth Circuit declined to gut California's consumer protection laws
9   by denying plaintiffs the ability to pursue injunctive relief in these scenarios, accepting that
10  "[k]nowledge that the advertisement or label was false in the past does not equate to
11  knowledge that it will remain false in the future." *Id.* However, if *Sonner's* (noncontrolling)
12  opinion is overread to subsume claims for injunctive relief otherwise permissible under
13  *Davidson*, that is precisely what will occur—California litigants' ability to seek injunctive
14  relief in federal court, as well as the standard set under *Davidson*, are eviscerated.  In fact,
15  nothing in *Sonner* eliminates a plaintiff's right to seek injunctive relief, contrary to its
16  overreading expressed in the recent *In re MacBook Keyboard Litig.*, No. 5:18-CV-02813-
17  EJD, 2020 WL 6047253, at *3 (N.D. Cal. Oct. 13, 2020). *See Mullins*, 2018 WL 510139,
18  at *4 n.5 ("[T]he contention that a plaintiff make [*sic*] seek damages for past harm in
19  addition to a forward looking injunction is [] ***undisputed***.") (emphasis added).

20       Similarly, in Defendant's case, *Gibson v. Jaguar Land Rover N. Am., LLC*,
21  No. CV2000769CJCGJSX, 2020 WL 5492990, at *3 (C.D. Cal. Sept. 9, 2020), the plaintiff
22  failed to make any allegations that he faced risk of future harm. The same goes for many
23  other cases relied on by Defendant. *See, supra*, n.6.  Defendant also miscites *Rosenkrantz v.*
24  *Arizona Bd. of Regents*, No. CV-20-00613-PHX-JJT, 2020 WL 4346754, at *2 (D. Ariz.
25  July 29, 2020) for the proposition that *Sonner* precludes equitable claims for injunctive
26  relief. Mot. at 4. However, that case relied on *Sonner* only for the broad proposition that
27  "an equitable remedy is inappropriate where … an adequate legal remedy exists in the form
28  of money damages" in holding that plaintiffs could not mischaracterize their legal claims

for breach of contract and conversion as equitable claims seeking "injunctive relief enjoining Defendant from retaining … monies paid" as an end-run around Arizona's pre-suit notice of claim as required by A.R.S. § 12–821.01(A). *Rosenkrantz*, 2020 WL 4346754, at *1-*3.  Thus, unlike here, the *Rosenkrantz* plaintiffs did not seek to enjoin any substantive practice threatening them with future harm. *Id.* at *1.

Here, on the other hand, Plaintiff's prayers for injunctive relief *does* present a true alternative to damages because the threat of future harm as a consequence of Defendant's *ongoing* false pricing scheme is "actual and imminent." *See* ¶¶ 42-44, 53, 79; *Davidson*, 889 F.3d at 967; Braden Decl., Ex. 1, *Dahlin* Minute Order, at 6-7 ("Indeed, even if Plaintiff could not obtain restitution, she might be able to obtain injunctive relief … As a result, the Court cannot conclude, at this stage, that Plaintiff has an adequate damages remedy that forecloses all equitable relief.") (citation to *Davidson* omitted); *Harris v. PFI W. Stores, Inc.*, No. SACV192521JVSADSX, 2020 WL 3965022, at *4 (C.D. Cal. Apr. 9, 2020) (allegation that plaintiff "may in the future shop at PFI Western's e-commerce retail store" and "is susceptible to being manipulated by PFI's pricing scheme again because she does not have the resources to determine whether PFI is complying with state and federal law" were "sufficient to allege an adequate injury-in-fact that is actual and imminent.").

Lastly, permitting Plaintiff's equitable claims to proceed makes the most sense from a policy standpoint. Public injunctive relief is, by definition, forward-looking for the benefit of the yet-to-be harmed public. Legal remedies, on the other hand, only rectify past harm to class members, leaving the public vulnerable to the Defendant's continued misconduct, from which it continues to illegally profit. *See McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 951 (2017) ("[I]njunctive relief [] has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public."). Thus, an award of damages, even if viable, does not adequately redress the continuing harm arising from Defendant's ongoing misconduct, which requires an equitable injunction to stop.

**D.    Even If *Sonner* Controls, At The Very Least, The FAC Creates An Issue Of Fact As To The Adequacy Of A Legal Remedy**

"Of course, [Plaintiff] may not recover duplicative damages, and the equitable … claim is viable only if there is no adequate remedy at law." *Marisco, Ltd. v. GL Eng'g & Constr. Pte., Ltd*., No. CV 18-00211 SOM/RT, 2020 WL 3492572, at *1 (D. Haw. June 26, 2020). But Plaintiff has, at the very least, created an issue of fact regarding the adequacy of the legal remedy in this case, requiring the denial of Defendant's motion. *See Wycap Marine Corp. v. Wycap Design, LLC*, 2018 WL 7287086, at *3 (S.D. Fla. Dec. 18, 2018) (denying motion to dismiss where "whether Wycap Design has an adequate remedy at law is an issue of fact").

"What's more, dismissal of the [equitable] claim at this stage would not save Defendant or the Court substantial resources: if the [equitable] claim is truly identical to [Plaintiff's] other claims as Defendant asserts, retention of the [equitable] claim at this stage would cause only incidental discovery burdens on Defendant beyond what would be necessary to litigate those claims that provide legal remedies." Wildin v. FCA US LLC, 2018 WL 3032986, at *7 (S.D. Cal. June 19, 2018).

**E.    If The Court Is Inclined To Dismiss Any Part of Plaintiff's Equitable Claims, It Should Grant Leave To Amend**

If Cole Haan is correct that a more express allegation of inadequacy is necessary, Plaintiff "can cure this deficiency" by stating more expressly what can already be inferred from her allegations—that for all the reasons stated herein available legal remedies are inadequate because they cannot compensate Plaintiff or protect her from future harm as fully as equitable remedies. *See Batuhan v. Assurity Fin. Servs., LLC*, 2015 WL 7776470, at *3 (N.D. Cal. Dec. 3, 2015) ("[L]eave to amend should be freely given if it is possible that further factual allegations will cure any defect."); *Rael v. New York & Co., Inc.*, No. 16-CV-369-BAS(JMA), 2016 WL 7655247, at *7-8 (S.D. Cal. Dec. 28, 2016) ("As a general rule, a court freely grants leave to amend a complaint that has been dismissed 'when justice so requires.'") (citing FED. R. CIV. P. 15(a)).

1       Cole Haan is therefore wrong to request Plaintiff's equitable claims dismissed with

2 prejudice. Mot. at 11-12. *See Aquilina v. Certain Underwriters at Lloyd's Syndicate #2003*,

3 407 F. Supp. 3d 1051, 1085 (D. Haw. 2019) (granting leave to amend even though plaintiffs

4 did "not explain how their … legal claims [did] not fully address the injustice they allegedly

5 suffered" because "[t]he Federal Rules certainly allow [plaintiffs] to" allege equitable

6 claims "in the alternative" where they can "allege … the inadequacy of the legal remedies")

7 (internal citations, quotes and alterations omitted); *Mosqueda*, 443 F. Supp. 3d at 1135

8 ("Plaintiffs … are entitled to amend their deficient FAC to specifically allege … why legal

9 relief is not adequate to address Plaintiffs' alleged harms.") (internal citation omitted).

10     **F.**    **Defendant Waived Its Argument That Plaintiff's CLRA Claim Fails For Lack Of Compliance With Affidavit Requirement**

11

12       Finally, Defendant argues that Plaintiff's CLRA claim is barred for failure to satisfy

13 the affidavit requirement of CAL. CIV. CODE § 1780(d). Mot. at 12.  As an initial matter,

14 because Defendant failed to raise this argument in its initial motion to dismiss (ECF

15 No. 18), despite the original complaint's inclusion of a CLRA claim (*see* ECF No. 1 at 23),

16 the argument is waived pursuant to Rule 12(g)(2). *See Starks v. Geico Indem. Co.*, No. CV

17 15-05771-MWF-PJW, 2016 WL 7743503, at *1 (C.D. Cal. Feb. 25, 2016) ("The Motion

18 [to dismiss] violates Rule 12(g) because it asserts arguments that could have been raised on

19 the first motion to dismiss.") (citing FED. R. CIV. P. 12(g)(2) ("[A] party that makes a motion

20 under this rule must not make another motion under this rule raising a defense or objection

21 that was available to the party but omitted from its earlier motion."); *see also Alexander v.

22 Metro-Goldwyn-Mayer Studios Inc.*, No. CV 17-3123-RSWL-KSX, 2017 WL 5633407,

23 at *4 (C.D. Cal. Aug. 14, 2017) ("Arguments not raised in a previous motion to dismiss are

24 impermissible under Rule 12(g).").

25       Alternatively, Plaintiff includes as Exhibit 2 to the Braden Decl. a copy of the

26 proposed affidavit of venue satisfying § 1780(d) should the Court be inclined to relate it to

27 the FAC.   Finally, if necessary, Plaintiff can easily amend the FAC to include the

28 appropriate affidavit of venue. *See* § 1780(d) (mandating that dismissal be "without

1   prejudice.").  Rule 15's proviso that "[t]he court should freely give leave when justice so

2   requires," FED. R. CIV. P. 15(a)(2), applies with particular force here where Cole Haan

3   failed to raise the affidavit argument in its initial motion to dismiss. *See* ECF No. 18.

4   **IV.   CONCLUSION**

5       For the reasons set forth above, Plaintiff respectfully requests the Court deny

6   Defendant's Motion in its entirety. In the event the Court should grant any part of

7   Defendant's motion, Plaintiff requests that the Court grant Plaintiff leave to amend.

8   Dated: November 13, 2020                    **CARLSON LYNCH LLP**

9                                               */s/ Scott G. Braden*
10                                              Scott G. Braden (CA 305051)
                                                sbraden@carlsonlynch.com
11                                              Todd D. Carpenter (CA 234464)
                                                tcarpenter@carlsonlynch.com
12                                              1350 Columbia Street, Ste. 603
                                                San Diego, California 92101
13                                              Telephone:   (619) 762-1910
                                                Facsimile:   (619) 756-6991
14
15                                              *Attorneys for Plaintiff and*
                                                *Proposed Class Counsel*
16
17
18
19
20
21
22
23
24
25
26
27
28