# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA ADAMS, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COLE HAAN, LLC, a Delaware Limited Liability Company; and DOES 1-150, inclusive,<br><br>Defendants. | Case No. 8:20-CV-00913-JWH-DFMx<br><br>**ORDER ON MOTION OF DEFENDANT COLE HAAN LLC TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [ECF Nos. 27 & 28]** |

## I. INTRODUCTION

Before the Court is the motion of Defendant Cole Haan LLC to dismiss the First Amended Complaint of Plaintiff Teresa Adams.[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons explained below, the Court **DENIES** the Motion.

## II. BACKGROUND

Adams alleges that Cole Haan engages in deceptive pricing at its outlet stores.[2] As alleged in the FAC, Cole Haan "advertises merchandise for sale by listing on the merchandise's price tag a fictitious and misleading 'original price' and a corresponding '% off' to arrive at its 'sale price.'"[3] According to Adams, this marketing is false or misleading because Cole Haan either (1) never offered the goods at the listed original price; or (2) only sold the goods at the listed original price "at some time period in the distant past."[4]

Adams filed her original Complaint on May 15, 2020.[5] The Complaint asserted claims for relief under California's Unfair Competition Law ("UCL"), California's False Advertising Law ("FAL"), and California's Consumers Legal Remedies Act ("CLRA").[6] As relevant to this Motion, in her original pleading Adams sought "restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the Class members as a result of its unlawful, unfair, and fraudulent business practices."[7] Adams also sought declaratory and injunctive relief enjoining Cole Hahn from continuing its

---

[1] Def. Cole Haan LLC's Mot. to Dismiss Pl.'s First Am. Compl. (the "Motion") [ECF No. 27 & 28].
[2] *See* First Am. Compl. ("FAC") [ECF No. 25] ¶¶ 5 & 11-30.
[3] *Id.* at ¶ 18 (emphasis removed).
[4] *Id.* at ¶ 20.
[5] Compl. [ECF No. 1].
[6] *Id.* at ¶¶ 59-87.
[7] *Id.* at 24:6-8.

alleged unlawful practices.[8]  Adams did not seek an award of economic damages.[9]

On August 17, 2020, Cole Haan filed a motion to dismiss the original Complaint.[10]  Cole Haan's central argument was that the Complaint "only prays for equitable relief without alleging that [Adams] lacks an adequate remedy at law."[11]  In its order granting Cole Haan's earlier motion to dismiss, this Court cited[12] *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), which held "that the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action." *Id.* at 844 (footnote omitted).  Thus, a plaintiff must "establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." *Id.*

The Court agreed with Adams that "some courts will allow plaintiffs to plead equitable relief in the alternative to legal relief and will not determine whether equitable relief is inadequate on a motion to dismiss."[13]  But, the Court explained, Adams did not plead equitable relief in the alternative to legal damages because she did not plead that she was entitled to legal damages.[14]  The Court granted the motion to dismiss with leave to amend, explaining that Adams

---

[8]     *Id.* at 24:9-12.
[9]     *See id.* at 24:2-16.
[10]    Mot. to Dismiss Compl. [ECF No. 18].
[11]    Order on Mot. to Dismiss Compl. [ECF No. 22] at 3.
[12]    *Id.* at 3-4.
[13]    *Id.* at 4 (citing *Wildin v. FCA US LLC*, No. 3:17-cv-02594-GPC-MDD, 2018 WL 3032986, at *7 (S.D. Cal. June 19, 2018); *Beasley v. Conagra Brands, Inc.*, 374 F. Supp. 3d 869, 879 n.2 (N.D. Cal. 2019)).
[14]    *Id.*

had not pleaded "any allegations that explain why she will be irreparably harmed should the Court not grant equitable relief."[15]

On October 2, 2020, Adams filed her FAC. The FAC is substantially similar to the original Complaint; it likewise includes claims for relief under the UCL, FAL, and CLRA.[16] The FAC, however, adds the following additional allegations:

> Despite being misled by Defendant with respect to the product she purchased, Plaintiff lacks personal knowledge as to Defendant's specific pricing practices relating to all its California outlet merchandise. Consequently, Plaintiff is susceptible to reoccurring harm because she cannot be certain that Defendant has corrected its deceptive pricing scheme, and she desires to continue to purchase Cole Haan outlet merchandise from Cole Haan California outlet stores, assuming that she could determine whether she was receiving authentic Cole Haan products at a true bargain. However, she currently cannot trust that Defendant will label and/or advertise the merchandise truthfully and in a non-misleading fashion in compliance with applicable law. Plaintiff simply does not have the resources to ensure that Defendant is complying with California and federal law with respect to its pricing, labeling and advertising of its California outlet merchandise. An injunction is the only form of relief which will guarantee Plaintiff and other consumers the appropriate assurances.
>
> Additionally, because of the wide selection of merchandise available and Defendant's California outlet stores, the fact that there

---

[15] *Id.* at 5.
[16] FAC ¶¶ 63-91.

-4-

are numerous items of outlet merchandise involved in Defendant's deceit, and due to the likelihood that Defendant may yet develop and market additional outlet merchandise items for sale at its California outlet stores, Plaintiff may again, though by mistake, purchase a falsely discounted product from Defendant under the impression that the advertised reference price represented a *bona fide* former price at which the item was previously offered for sale by Defendant. Indeed, Plaintiff regularly shops at outlet stores, including Defendant's, and she desires to continue purchasing merchandise from Cole Haan outlet stores in the future. Moreover, Class members will continue to purchase the Cole Haan California outlet merchandise, reasonably but incorrectly believing that its advertised reference prices represent *bona fide* former prices at which the merchandise was previously offered for sale by Defendant.

Accordingly, Plaintiff, Class members and the general public lack an adequate remedy at law. Absent an equitable injunction enjoining Defendant from continuing in the unlawful course of conduct alleged herein, Plaintiff, Class members and the public will be irreparably harmed and denied an effective and complete remedy because they face a real and tangible threat of future harm emanating from Defendant's ongoing conduct which cannot be remedied with monetary damages.

Moreover, Plaintiff lacks adequate remedy at law with respect to her claim for equitable restitution because she has not yet retained an expert to determine whether an award of damages can or will adequately remedy her monetary losses caused by Defendant. Particularly, as legal damages focus on remedying the loss to the plaintiff and equitable restitution focuses wholly distinctly on

restoring monies wrongly acquired by the defendant, legal damages are inadequate to remedy Plaintiff's loss because Plaintiff does not know at this juncture, and is certainly not required to set forth evidence, whether a model for legal damages (as opposed to equitable restitution) will be viable or will adequately compensate Plaintiff's losses.

Finally, Plaintiff's case is substantially predicated on Defendant's violation of Cal. Bus. & Prof. Code § 17501, an equitable claim, as Plaintiff's counsel's investigation revolved around ensuring that Defendant did not sell outlet merchandise within the 90 days preceding Plaintiff's purchase and, likewise, that Defendant failed to disclose to consumers the date on which outlet merchandise was last offered at its advertised reference price. This claim and test of liability go to the heart of Plaintiff's case and the same test is not available under a California Consumers Legal Remedies Act ("CLRA") legal claim for damages. Thus, Plaintiff does *not* have an adequate remedy at law because the CLRA does not provide the same metric of liability as Cal. Bus. & Prof. Code § 17501, which is integral not only to Plaintiff's prayer for restitution, but also to Plaintiff's very theory of liability at trial. Accordingly, correctly [sic] sets forth alternate claims for legal damages and equitable restitution.[17]

In addition, Adams now seeks an award for "actual, consequential, punitive and statutory damages, as appropriate."[18]

---

[17] *Id.* at ¶¶ 42-46.
[18] *Id.* at 25:23-24.

On October 16, 2020, Cole Haan filed the instant Motion, in which it again argues that Adams cannot pursue claims for equitable relief because she has not shown that she lacks an adequate remedy at law.[19]

### III. LEGAL STANDARD

A defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive such a motion, the complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need not contain "detailed factual allegations," but it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2).

### IV. DISCUSSION

**A.  Request to Dismiss Equitable Claims**

As an initial matter, Adams claims that *Sonner* does not control "because it conflicts with the earlier submitted (though later published) Ninth Circuit panel decision in *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007 (9th Cir. 2020)."[20] *Sonner*, however, is based upon a careful study of U.S. Supreme Court precedent. *See Sonner*, 971 F.3d at 839-44. In contrast, the portion of *Moore* upon which Adams relies consists of two sentences in a footnote.[21] *See IntegrityMessageBoards.com v. Facebook, Inc.*, No. 18-CV-05286-PJH, 2020 WL

---

[19] *See generally* Motion.
[20] Opp'n to Motion (the "Opposition") [ECF No. 33] 1:2-5.
[21] *See id.* at 4:1-9.

6544411, at *4 (N.D. Cal. Nov. 6, 2020) (holding that *Sonner* controls and that the *Moore* footnote is dictum). *Sonner* controls here.[22]

Under *Sonner*, to pursue equitable relief "the plaintiffs are required, at a minimum, to plead that they lack an adequate remedy at law." *Anderson v. Apple Inc.*, No. 3:20-CV-02328-WHO, 2020 WL 6710101, at *7 (N.D. Cal. Nov. 16, 2020). The Court dismissed Adams's original Complaint for failing to do so.

The FAC pleads that Adams lacks an adequate remedy at law for three reasons.[23] First, Adams alleges she and the putative class members desire to shop at Cole Haan in the future but "currently cannot trust that Defendant will label and/or advertise the merchandise truthfully and in a non-misleading fashion in compliance with applicable law."[24] Second, Adams maintains that "she has not yet retained an expert to determine whether an award of damages can or will adequately remedy her monetary losses caused by Defendant."[25] Adams states that she therefore "does not know at this juncture . . . whether a model for legal damages (as opposed to equitable restitution) will be viable or will adequately compensate Plaintiff's losses."[26] Third, Adams alleges that her "case is substantially predicated on" California's FAL, which provides that "[n]o price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement." Cal. Bus. & Prof. Code

---

[22] Adams's argument that *Sonner* conflicts with the *Erie* Doctrine was rejected by the Ninth Circuit. *See Sonner*, 971 F.3d at 839-44.
[23] FAC ¶¶ 42-46.
[24] *Id.* at 14:12-14.
[25] *Id.* at 15:10-11.
[26] *Id.* at 15:14-17.

§ 17501. Adams maintains that this "claim and test of liability" is not available under the CLRA, which provides her claim for damages at law.[27]

With respect to Adams's claim for injunctive relief, the Ninth Circuit has held "that a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir.), *cert. denied*, 139 S. Ct. 640 (2018). Here, Adams plausibly alleges that she regularly shops at outlet stores, that she would like to return to the Cole Haan outlet, but that she cannot currently trust that "Cole Haan will label and/or advertise the merchandise truthfully and in a non-misleading fashion."[28] *See id.* at 969-70 ("the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to").[29] Monetary damages would not necessarily be sufficient to remedy this alleged harm insofar as Adams alleges that she would like to return to the Cole Haan outlet but is deterred from doing so by Cole Haan's alleged pricing scheme.

With respect to Adams's claim for restitution, this Court previously noted that "some courts will allow plaintiffs to plead equitable relief in the alternative to legal relief and will not determine whether equitable relief is inadequate on a motion to dismiss."[30] Here, Adams has expressly pleaded her claims for

---

[27] *Id.* at 15:22-27.
[28] *Id.* at 14:12-13.
[29] The FAC avers that Cole Haan "represents to consumers an 'original' price on the product's price tag" on "***all*** merchandise sold in the Cole Haan outlet stores." *Id.* at ¶ 22 (emphasis added).
[30] Order on Mot. to Dismiss Compl. at 4.

equitable relief in the alternative.[31] "[T]here is an 'intra-circuit split' on the issue of whether it is appropriate to dismiss UCL claims at the pleading stage when they are based on identical facts as other claims providing the legal remedy of damages." *Eason v. Roman Catholic Bishop of San Diego*, 414 F. Supp. 3d 1276, 1282 (S.D. Cal. 2019); *Wildin v. FCA US LLC*, No. 3:17CV-02594-GPC-MDD, 2018 WL 3032986, at *6 (S.D. Cal. June 19, 2018) (discussing intra-circuit split and denying motion to dismiss UCL claim). At least two recent cases in this district "agree[] with the other district courts that have noted that barring claims for equitable relief at the pleading stage is inconsistent with the federal rules that permit pleading in the alternative." *Parrish v. Volkswagen Grp. of Am., Inc.*, 463 F. Supp. 3d 1043, 1061 (C.D. Cal. 2020); *see also Byton N. Am. Co. v. Breitfeld*, No. CV 19-10563-DMG (JEMx), 2020 WL 3802700, at *9 (C.D. Cal. Apr. 28, 2020) ("the Court agrees with those courts that allow plaintiffs to plead UCL claims in the alternative, even when other adequate remedies may exist"). Accordingly, the Court **DENIES** Cole Haan's request to dismiss Adams's equitable claims at this juncture in the case.

B. <u>Failure to Comply with Cal. Civ. Code § 1780(d)</u>

Finally, Cole Haan argues that the FAC should be dismissed for failure to comply with California law. Specifically, Section 1780(d) of the California Civil Code provides that an action brought under the CLRA "may be commenced in the county in which the person against whom it is brought resides, has his or her principal place of business, or is doing business, or in the county where the transaction or any substantial portion thereof occurred." Further, "concurrently with the filing of the complaint, the plaintiff shall file an affidavit stating facts showing that the action has been commenced in a county described in this section as a proper place for the trial of the action." *Id.* "If a plaintiff

---

[31] *See* FAC at ¶ 45.

fails to file the affidavit required by this section, the court shall, upon its own motion or upon motion of any party, dismiss the action without prejudice." Adams acknowledges that she did not file such an affidavit with her original complaint or with the FAC.[32]  Adams, however, has cured this defect by filing such a declaration with her Opposition to the Motion, and Cole Haan waived this objection by not raising it in its first motion to dismiss.[33]  *See* Fed. R. Civ. P. 12(g) ("a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion").  Cole Haan argues that it could not have waived "its argument as to this claim for relief in its previous motion to dismiss because the original Complaint did not include a request for CLRA damages."[34]  The original Complaint did, however, contain a claim under the CLRA, and, thus, Cole Haan could have raised this argument in its first motion to dismiss.

## V.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Cole Haan's instant Motion to dismiss.

**IT IS SO ORDERED.**

Dated: March 1, 2021



John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[32]  Opposition at 22:10-23:7.
[33]  Decl. of Scott G. Braden [ECF No. 33-3] Ex. 2.
[34]  Reply in Supp. of Motion [ECF No. 34] 12:10-13.