**STEPTOE & JOHNSON LLP**
STEPHANIE A. SHERIDAN, State Bar No. 135910
*ssheridan@steptoe.com*
ANTHONY J. ANSCOMBE, State Bar No. 135883
*aanscombe@steptoe.com*
AMANDA C. SCHWARTZ, State Bar No. 307522
*aschwartz@steptoe.com*
One Market Street
Spear Tower, Suite 3900
San Francisco, CA 94105
Telephone: 415.365.6700
Facsimile: 415.365.6699

Attorneys for Defendant
COLE HAAN LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA ADAMS on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COLE HAAN, LLC, a Delaware Limited Liability Company; and DOES 1-150, inclusive,<br><br>Defendants. | CASE NO. 8:20-cv-00913-JWH-DFM<br><br>**DEFENDANT COLE HAAN LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date Filed:  May 15, 2020<br>Judge:        Hon.  John W. Holcomb |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>DEFENDANT'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT, AFFIRMATIVE DEFENSES, AND REQUEST FOR JURY TRIAL</u>

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant COLE HAAN LLC., (herein "COLE HAAN" or "Defendant") hereby answers the First Amended Complaint ("FAC") of Plaintiff TERESA ADAMS, ("Plaintiff"). If an averment is not specifically admitted, it is hereby denied.  For purpose of convenience and ease of reference, Cole Haan sets forth the allegations of Plaintiff's First Amended Complaint below, providing its answer to each paragraph in sequence.

### FIRST AMENDED COMPLAINT

Plaintiff Teresa Adams ("Plaintiff") brings this action, on behalf of herself and all others similarly situated, against Defendant Cole Haan and states:

**<u>ANSWER</u>: Defendant admits that Plaintiff purports to bring this action on behalf of herself and all others similarly situated, but denies all other allegations and innuendo contained in this Paragraph of the FAC.**

### NATURE OF THE ACTION

1.      American consumers thrive on finding the best deal. Retailers, including Defendant, are keen to this fact and try to lure consumers to purchase their goods with advertised sales that promise huge savings off the regular price. But the promised savings are false if a retailer simply recasts its regular price as a discount from some higher, fictitious "original" price that no one ever pays. This class action seeks monetary damages, restitution, declaratory and injunctive relief from Cole Haan arising from its deceptive business practice of advertising fictitious "original" prices and corresponding phantom discounts on Cole Haan branded outlet merchandise sold in Defendant's Cole Haan's outlet stores in California.

1
2
3
4

**ANSWER: Defendant admits that Plaintiff has brought a class action seeking the relief specified in Paragraph 1.  It denies that it uses fictitious original prices, and denies each and every of the remaining allegations and innuendo of Paragraph 1.**

5
6
7
8
9
10
11
12
13
14

2.      The practice of false reference pricing occurs when a retailer fabricates a false "original" price, and then offers an item for sale at a deeply "discounted" price. The result is a sham price disparity that misleads consumers into believing they are receiving a good deal and induces them into making a purchase. In reality, the practice artificially inflates the true market price for these items by raising consumers' internal reference price, and therefore the value, ascribed to these products by consumers. The practice enables retailers, like Defendant, to sell their goods above their true market price. Consumers are damaged by the inflated market price that is established by the false-discounting scheme.

15
16
17

**ANSWER: Defendant admits that Plaintiff attempts to describe a practice of false reference pricing, but denies each and every of the allegations and innuendo of Paragraph 2.**

18
19
20
21
22
23
24
25
26
27
28

3.      An overview of the illegal scheme and attendant harm are best demonstrated by the following example: Take a retailer who is in the business of selling suits. That retailer knows it can sell a particular suit at $250.00. That $250.00 price represents the "market" price for the suit and the price at which the retailer regularly offers the suit for sale and makes a profit. The retailer then offers the suit on sale. However, instead of discounting the suit from its true original price of $250.00, the retailer utilizes an inflated, "original" price for the suit and lists it at $1,000.00, and then holds it out for sale at 70% off – rendering the "sale" price of the suit $300.00. Consumers who happen upon that purported fake "sale" are influenced by the amount of the perceived, substantial discount. By presenting the consumer with a false "original" price of $1,000.00, the retailer has increased

demand for the suit through the perceived value of both the suit itself and the substantial discount of $700.00. This effect, in turn, impacts the market price of the suit because more consumers are willing to pay $300.00 for a suit they believed was once sold for $1,000.00, when in fact, the true market price of the suit, without the false discount, was $250.00. If the retailer tried to sell that same suit, for $300.00, without offering the false original price of $1,000.00 and the attendant 70% off discount, that retailer would not be able to sell any suits at $300.00 because the true market price of the suit is $250.00. Thus, through the use of a false original price and the corresponding phantom discount of 70% off, the retailer was able create a false "market" price for the suit – at $300.00. Plaintiff's case seeks that disparity – the impact on the increase in market price from $250.00 to $300.00 through the Defendant's application of an illegal discounting scheme.

**ANSWER**: **Defendant admits that Plaintiff purports to describe how the use of false reference prices might have an impact on the market value of consumer goods.  Defendant denies that it has engaged in such a practice, denies that reference prices have any effect on consumers under the circumstances of this case, denies that its pricing practices have caused consumers to pay more for merchandise than they would, or that they have paid a false market price.  Defendant denies each and every remaining allegation and innuendo of Paragraph 3.**

4.      Retailers, including Cole Haan, substantially benefit from employing false reference pricing schemes and experience increased sales because consumers use advertised reference prices to make purchase decisions. The information available to consumers varies for different types of products, but consumers frequently lack full information about a product and, as a result, can incorporate information from sellers to make purchase decisions.

**ANSWER**: **Defendant denies that it engaged in or benefited from employing a false reference pricing scheme.  Defendant denies each and every**

**remaining allegation and innuendo of Paragraph 4. The allegations contained in footnote 1 constitute opinions and citations to a publication that speaks for itself.  The allegations contained in footnote 2 constitute a citation to a publication that speaks for itself.**

5.     Through its false and misleading marketing, advertising, and pricing scheme alleged herein, Cole Haan violated and continues to violate California and Federal law which prohibit the advertisement of goods for sale discounted from former prices that are false. California and Federal law also prohibit the dissemination of misleading statements about the existence and amount of price reductions. Specifically, Defendant violated and continues to violate: California's Unfair Competition Law, CAL. BUS. & PROF. CODE §§ 17200, et seq. (the "UCL"); California's False Advertising Law, CAL. BUS. & PROF. CODE §§ 17500, et seq. (the "FAL"); the California Consumer Legal Remedies Act, CAL. CIV. CODE §§ 1750, et seq. (the "CLRA"); and the Federal Trade Commission Act ("FTCA"), which prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and false advertisements (15 U.S.C. § 52(a)).

**ANSWER: Defendant states that the cited statutes speak for themselves and that the allegations contained in Paragraph 5 constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every of the allegations, innuendo, and legal conclusions contained in Paragraph 5 of the FAC.**

6.     Plaintiff brings this action on behalf of herself and other similarly situated consumers who have purchased one or more Cole Haan branded outlet products from a Cole Haan outlet store in California that was deceptively represented as discounted from a false reference price. Plaintiff seeks to halt the dissemination of this false, misleading, and deceptive pricing scheme, to correct the false and misleading perception it has created in the minds of consumers, and to obtain redress for those who have purchased merchandise tainted by this

deceptive pricing scheme. Plaintiff also seeks to enjoin Defendant from using false and misleading misrepresentations regarding former price comparisons in its labeling and advertising permanently. Further, Plaintiff seeks to obtain damages, restitution, and other appropriate relief in the amount by which Defendant was unjustly enriched as a result of its sales of merchandise offered a false discount.

**ANSWER: Defendant admits that the FAC purports to identify a class of persons whom Plaintiff seeks to represent. Defendant denies that certification of any class is proper under Fed. R. Civ. P. 23. Defendant admits that Plaintiff purports to seek the relief set forth in Paragraph 6 of the FAC. Defendant denies that Plaintiff is entitled to the relief set forth in Paragraph 6, denies that Plaintiff is entitled to any relief at all, and denies the remaining allegations and innuendo contained in Paragraph 6 of the FAC.**

7.     Finally, Plaintiff seeks reasonable attorneys' fees pursuant to CAL. CIV. PROC. CODE § 1021.5, as this lawsuit seeks the enforcement of an important right affecting the public interest and satisfies the statutory requirements for an award of attorneys' fees.

**ANSWER: Defendant admits that Plaintiff purports to seek the relief set forth in Paragraph 7 of the FAC. Defendant denies that Plaintiff is entitled to the relief set forth in Paragraph 7, denies that Plaintiff is entitled to any relief at all, and denies the remaining allegations and innuendo contained in Paragraph 7 of the FAC.**

## JURISDICTION AND VENUE

8.     This Court has original jurisdiction of this Action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and at least some members of the proposed Class have a different citizenship from Defendant.

**ANSWER: The allegations of this Paragraph state a legal conclusion, to which no answer is required. At this time, Defendant does not contest that the**

1  Court has subject matter jurisdiction over this case under 28 U.S.C. §
2  1332(d)(2). Defendant denies that Plaintiff and the putative class are entitled
3  to any recovery or relief, and otherwise denies the allegations and innuendo
4  contained in Paragraph 8 of the FAC.

5      9.     The Central District of California has personal jurisdiction over
6  Defendant because Defendant is a corporation or other business entities which does
7  conduct business in the State of California. Defendant conducts sufficient business
8  with sufficient minimum contacts in California, and/or otherwise intentionally
9  avail itself to the California market through the operation of the Cole Haan outlet
10 stores within the State of California.

11     **ANSWER: Defendant does not contest personal jurisdiction. Defendant**
12 **further states that the remaining allegations of this Paragraph are legal**
13 **conclusions, to which no answer is required. To the extent an answer is**
14 **required, Defendant denies the remaining allegations and innuendo of**
15 **Paragraph 9 of the FAC.**

16     10.    Venue is proper under 28 U.S.C. § 1391(b)(2) because Defendant
17 transacts substantial business in this District. A substantial part of the events giving
18 rise to Plaintiff's claims arose here, [sic]

19     **ANSWER: Defendant does not contest that venue exists in this District.**
20 **Defendant further states that the remaining allegations of this Paragraph are**
21 **legal conclusions, to which no answer is required. To the extent an answer is**
22 **required, Defendant denies the remaining allegations and innuendo of**
23 **Paragraph 10 of the FAC.**

24              **GENERAL ALLEGATIONS**
25       **Retailers Benefit from False Reference Pricing Schemes.**
26     11.    Cole Haan engages in a false and misleading reference price scheme
27 in the marketing and selling its products in its Cole Haan outlet stores.

28

1   **ANSWER: Defendant denies each and every of the allegations in**
2   **Paragraph 11.**

3       12.    Retailers substantially benefit from employing false reference pricing
4   schemes and experience increased sales because consumers use advertised
5   reference prices to make purchase decisions. The information available to
6   consumers varies for different types of products, but consumers frequently lack full
7   information about a product and, as a result, can incorporate information from
8   sellers to make purchase decisions.

9       **ANSWER:  Defendant lacks knowledge or information sufficient to**
10  **form a belief as to the truth of the allegations of Paragraph 12, and therefore**
11  **denies the same. The allegations contained in footnote 3 constitute legal**
12  **conclusions, to which no response is required, and a citation to a publication**
13  **that speaks for itself.  The allegation contained in footnote 4 constitutes a**
14  **citation to a publication that speaks for itself.**

15      13.    Defendant's deceptive advertised reference prices are thus
16  incorporated into the consumer's decision process. First, a product's "price is also
17  used as an indicator of product quality." In other words, consumers view
18  Defendant's deceptive advertised reference prices as a proxy for product quality.
19  Second, reference prices "appeal [] to consumers' desire for bargains or deals."
20  Academic researchers note how consumers "sometimes expend more time and
21  energy to get a discount than seems reasonable given the financial gain involved,"
22  and "often derive more satisfaction from finding a sale price than might be
23  expected on the basis of the amount of money they actually save." Under this
24  concept, coined as "transaction utility" by Noble Prize-winning economist Richard
25  Thaler, consumers place some value on the psychological experience of obtaining
26  a product at a perceived bargain.

27      **ANSWER:  Defendant admits that Plaintiff attempts to describe certain**
28  **academic literature regarding the effect of reference pricing.  The academic**

**literature speaks for itself.  The allegations contained in footnotes 5, 6, 7, and 8 constitute citations to publications that speak for themselves.  Defendant denies that it engages in deceptive pricing and denies each and every of the remaining allegations of Paragraph 13.**

14.    Research in marketing and economics has long recognized that consumer demand can be influenced by "internal" and "external" reference prices. Internal reference prices are "prices stored in memory" (e.g., a consumer's price expectations adapted from past experience) while external reference prices are "provided by observed stimuli in the purchase environment" (e.g., a "suggested retail price," or other comparative sale price). Researchers report that consumer's internal reference prices adjust toward external reference prices when valuing a product. For infrequently purchased products, external reference prices can be particularly influential because these consumers have little or no prior internal reference. In other words, "[t]he deceptive potential of such advertised reference prices are likely to be considerably higher for buyers with less experience or knowledge of the product and product category." Academic literature further reports that "there is ample evidence that consumers use reference prices in making brand choices" and publications have summarized the empirical data as follows:

> Inflated reference prices can have multiple effects on consumers. They can increase consumers' value perceptions (transaction value and acquisition value), reduce their search intentions for lower prices, increase their purchase intentions, and reduce their purchase intentions for competing products ... Inflated and/or false advertised reference prices enhance consumers' internal reference price estimates and, ultimately, increase their perceptions of value and likelihood to purchase[.]

**ANSWER: Defendant admits that Plaintiff attempts to describe certain academic literature regarding the effect of reference pricing.  The academic literature speaks for itself.  The allegations contained in footnotes 9, 10, 11, 12, 13, 14, and 15 constitute citations to publications**

that speak for themselves.  **Defendant denies that it engages in deceptive pricing and denies each and every of the remaining allegations of Paragraph 14.**

15.     Retailers, including Defendant, understand that consumers are susceptible to a good bargain, and therefore, Defendant has a substantial financial interest in making the consumer believe they are receiving a good bargain, even if they are not. A product's reference price matters to consumers because it serves as a baseline upon which consumers perceive a product's value.

**<u>ANSWER</u>:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 to the extent they relate to other retailers.  It denies each and every of the allegations of Paragraph 15 to the extent that they relate to Defendant.**

**California State and Federal Pricing Regulations Prohibit False "Original price" references and Out-Dated "Original price" references.**

16.     Under California law, a retailer may only discount an item from its own *original price* for up to 90 days; or in the alternative, it may offer a discount from the original price of an item being offered by a competitor, within the relevant market, for up to 90 days. In either scenario, a retailer can only offer a "sale" from an original price for 90 days. At that point, on day 91, the retailer has two options: the product must either return to its full original price, or the retailer may continue to sell the product at the discounted price, *<u>as long as it discloses to the consumer the date on which the product was last offered for sale at its full retail price</u>*. *See* Bus. & Prof. Code §17501. Under California law, a retailer cannot use an old, outdated, "original price" as the basis for a sale or discount, unless it discloses to the consumer the date on which the prior original price was offered in the market.

**ANSWER:  The allegations of Paragraph 16 state a legal conclusion to which no answer is required, and also purports to summarize a statute which speaks for itself.  To the extent and answer is required, Defendant denies each and every allegation of Paragraph 16.**

17.   Additionally, under the Federal Trade Commission's Act, when a retailer offers a discount from ***its own***, former ***original price***, the original price is required to have been a price at which ***the retailer*** held that item out for sale ***on a regular basis,*** for a ***commercially reasonable period of time***. *See* 16 C.F.R. § 233.1(a) and (b) (emphasis added).

**ANSWER:  The allegations of paragraph 17 are a misstatement of the law.  The provisions of 16 C.F.R.§233.1 speak for themselves.  To the extent an answer is required, Defendant denies the allegations of Paragraph 17.**

**Defendant's Fraudulent Price Discounting Scheme Violates California State and Federal Regulations.**

18.   Defendant advertises merchandise for sale by listing on the merchandise's price tag a fictitious or misleading "***original price***" and a corresponding "% off" to arrive at its "sale price." The original price communicates "the product's worth and the prestige that ownership of the product conveys." *Hinojos v. Kohl's Corp.*, 718 F.3d 1098 (9th Cir. 2013) (*citing* Dhruv Grewal & Larry D. Compeau, Comparative Price Advertising: Informative or Deceptive? 11 J. Pub. Pol'y & Mktg. 52, 55 (Spring 1992) ("By creating an impression of savings, the presence of a higher reference price enhances subjects' perceived value and willingness to buy the product."). "Misinformation about a product's 'normal' price is...significant to many consumers in the same way as a false product label would be." *Hinojos*, 718 F.3d at 1106.

**ANSWER:  The allegations of Paragraph 18 are legal conclusions to which no answer is required.  The sources identified speak for themselves. Defendant denies each and every of the allegations of Paragraph 18.**

19.     The products sold at Cole Haan outlet are either: 1) made exclusively for sale at the outlet; or 2) regular retail merchandise that is substantially outdated. Cole Haan admits as much on its website:

**How is Cole Haan Outlet product different than the Colehaan.com product?**

Cole Haan's Outlet assortment consists of a mix of styles that have been made exclusively for outlet as well as historical best sellers.

**ANSWER:  Defendant admits that the allegations of Paragraph 19 quote a portion of Cole Haan's website.  It admits that it makes products for sale at outlet.  It denies the remaining allegations and innuendo of Paragraph 19.**

20.     Thus, the reason why the ***original price*** is either false or misleading is because Cole Haan either: 1) has never offered the "made exclusively for outlet" goods for sale at the ***original price*** (in the case of its "made-exclusively-for-outlet" merchandise), or 2) in the case of the "historical best sellers," has offered the goods for sale at their ***original price***, at some time period in the distant past – in violation of the 90 day time period afforded it to discount merchandise under California law and the Federal regulation requiring the discount to be presented from a recent, regularly offered, original price.

**ANSWER:  The allegations of Paragraph 20, including footnote 16, state legal conclusions to which no answer is required.  To the extent an answer is required, Cole Haan denies each and every of the allegations of Paragraph 20.**

21.     Additionally, Cole Haan is not offering a discount or a percentage off (% off) a competitor's price for goods offered for sale in the relevant market. In the case of its "made exclusively for outlet" shoes and apparel, there are no other

retailers who sell those goods; they are exclusively sold by Cole Haan outlets. In the case of its out of season merchandise, the Cole Haan merchandise being offered at its outlet stores is not offered at any other relevant market competitors in the 90-day time period preceding the sale because it is old and outdated.

**ANSWER: Defendant denies each and every of the allegations of Paragraph 21.**

22. How the scheme works: On all merchandise sold in the Cole Haan outlet stores, it represents to consumers an "original" price on the product's price tag. Cole Haan then publishes the proffered discount as a percentage off (*i.e.,* 40% off) of the original price. The represented discounts are advertised on placards placed at, on, or above the particular products being discounted. The placards vary in size, but on average are approximately 3" tall by 2" to 3" inches wide. They are printed on blue card stock with white print offering the advertised "% off". The Placards Appear as follows:



**ANSWER: Defendant admits that Plaintiff has described the manner in which prices are sometimes displayed in Cole Haan outlet stores. It denies all other allegations and innuendo in Paragraph 22.**

23.     Cole Haan outlets do not offer any merchandise at the full, or original price – ever. Every product in the store is discounted from an original price, the minute it hits the floor.

**ANSWER: Defendant denies each and every of the allegations of Paragraph 23.**

24. Defendant's perpetual discounting of the Cole Haan outlet merchandise constitutes false, fraudulent, and deceptive advertising because the original reference price listed is substantially higher than those prices ever actually offered by Defendant in its outlet stores. The reference prices are used exclusively as a benchmark from which the false discount and corresponding "sale" price is derived. Defendant's scheme has the effect of tricking consumers into believing they are getting a significant deal by purchasing merchandise at a steep discount, when in reality, consumers are paying for merchandise at its usual retail price. Defendant's deceptive pricing scheme further artificially raises the prices actually paid by consumers by creating the false impression of a bargain.

**ANSWER: The allegations of Paragraph 24 state legal conclusions to which no answer is required.  To the extent an answer is required, Cole Haan denies each and every of the allegations of Paragraph 24.**

25.     Defendant's Cole Haan outlet-only-merchandise is *never* offered for sale, nor actually sold, at its advertised original price. Upon information and belief, the vast majority of the shoes and merchandise sold at Cole Haan outlet stores are "made exclusively for outlet". Cole Haan mixes in some of its "historical bestsellers" to trick customers into believing that the merchandise at the store has actually been sold at one its flagship, high-end retail stores. The original price listed on the "made exclusively for outlet" merchandise is a total fabrication.

**ANSWER: Defendant admits that some items are made for sale at outlet.  It denies each and every of the remaining allegations and innuendo of Paragraph 25.**

26.     The "historical bestsellers" that were purportedly sold at some time in the past at either the regular Cole Haan retail store, or other retailers, are never sold at the original price in the Cole Haan outlet stores, and certainly not *within 90 days* of the "original" price being offered in the market. Upon information and belief, the "historical bestsellers" of Cole Haan merchandise is a small percentage of its outlet stores' total inventory and is typically several years removed from being marketed at the original price.

**ANSWER: Defendant denies each and every of the allegations and innuendo of Paragraph 26.**

27.     Nowhere in Defendant's Cole Haan outlet stores does Defendant disclose that the reference or original prices used are not: 1) former prices; or 2) are not recent (within 90 days), regularly offered former prices; 3) or prices at which identical products are sold elsewhere in the market. For the "historical bestsellers," Cole Haan does not disclose the date at which the original prices were offered in the market or offered by one of Cole Haan's other retailers. The omission of these disclosures, coupled with Defendant's use of fictitious advertised reference prices, renders Defendant's outlet pricing inherently misleading.

**ANSWER: Paragraph 27 states legal conclusions and to which no answer is required. Paragraph 27 contains allegations without sufficient clarity, and Defendant denies that its outlet pricing is "inherently" misleading. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 to the extent they relate to other retailers.  To the extent an answer is required, Defendant denies each and every of the allegations and innuendo of Paragraph 27.**

28. Thus, the advertised reference prices are false and induce consumers into believing that the merchandise was once sold at the reference price, in the near term and will be again if the consumer does not make a purchase at the "bargain" price. Defendant engages in this practice knowing full well that the advertised

products are never actually offered or sold at the advertised reference prices or never actually offered or sold at the advertised reference prices within 90 days of them being discounted in the Cole Haan outlet store.

**ANSWER: Defendant denies each and every of the allegations of Paragraph 28.**

29.     Moreover, the advertised discounts were fictitious because the reference prices did not represent a *bona fide* price at which Defendant previously sold or offered to sell the products, on a regular basis, for a commercially reasonable period of time, as required by the Federal Trade Commission ("FTC"). In addition, the represented advertised reference prices were not the prevailing market retail price within the three months (90 days) immediately preceding the publication of the advertised former reference price, as required by California law.

**ANSWER: The allegations of Paragraph 29 are legal conclusions to which no answer is required.  The sources identified speak for themselves. Defendant denies each and every of the allegations of Paragraph 29.**

30.     Thus, Defendant's scheme intends to and does provide misinformation to the customer. This misinformation communicates to consumers, including Plaintiff, that the products sold in Defendant's outlets have a greater value than the advertised discounted price.

**ANSWER: Defendant denies each and every of the allegations of Paragraph 30.**

### Investigation

31.     Plaintiff's investigation of Cole Haan outlet stores revealed that its outlet store merchandise is priced uniformly. That is, Cole Haan outlet merchandise sold at Defendant's Cole Haan outlet stores bears a price tag with a false or outdated original price and a substantially discounted " % Off," sale price typically 30% to 50% off. Plaintiff's counsel's investigation confirmed that the merchandise purchased by Ms. Adams was priced with a false reference price and a corresponding

1  discounted price for at least the 90-day period immediately preceding Plaintiff's
2  purchase in violation of California law. In fact, the item Ms. Adams purchased
3  remains on sale, to this day on Cole Haan's website for $69.97; with an original price
4  of $150.00. *See https://www.colehaan.com/originalgrand-plain-oxford-winetasting-*
5  *suede/W15293.html* last viewed on April 22, 2020.

6      **ANSWER**: **Defendant admits that Plaintiff has described the manner in**
7  **which prices are sometimes displayed in Cole Haan outlet stores. The source**
8  **identified speaks for itself. It denies all other allegations and innuendo in**
9  **Paragraph 31.**

10      32.    Plaintiff's counsel's investigators tracked the pricing of certain
11  merchandise offered for sale at Cole Haan outlet stores beginning in 2016, again in
12  2017 and a third time in early 2019, through early 2020. The investigation revealed
13  that items listed for sale in the Cole Haan outlet stores, were never offered for sale at
14  their full "original" price. Plaintiff's counsel's investigators visited Cole Haan outlet
15  stores in California nearly every day to verify the prices being offered on the
16  merchandise. The prices were uniform across all stores visited in California. All
17  items, including the shoes purchased by Plaintiff, in the Cole Haan outlet stores
18  were priced at a discount in the 90 days prior to Plaintiff's purchase of her Size 7,
19  Women's Original Grand Plain Oxford shoe in the color: "Winetasting Suede". *See*
20  Exhibit No. 1.

21      **ANSWER**: **Defendant lacks knowledge or information sufficient to**
22  **admit the truth of the allegations regarding the activities of Plaintiff's**
23  **counsel's investigators, and therefore denies the same.  Defendant denies each**
24  **and every of the remaining allegations of Paragraph 32.**

25      33. Additionally, Plaintiff's counsel's investigators attempted to find the
26  items sold at the Cole Haan Outlet Stores at other distribution channels in the
27  relevant market. For example, in San Diego, San Francisco, and Los Angeles,
28  Plaintiff's counsel's investigators verified that the merchandise sold at Cole

Haan's outlet stores, was not the same as other Cole Haan merchandise being sold at Nordstrom, Macy's, Niemann Marcus, or at the Cole Haan Retail stores. Plaintiff's counsel's investigators compared the items tracked in the Cole Haan outlet stores to Cole Haan merchandise offered for sale at the aforementioned retailers on a monthly basis during the course of the most recent investigation.

**ANSWER: Defendant lacks knowledge or information sufficient to admit the truth of the allegations regarding the activities of Plaintiff's counsel's investigators, and therefore denies the same. Defendant denies each and every of the remaining allegations of Paragraph 33.**

34. Therefore, the "original" prices on the Cole Haan merchandise sold at the Cole Haan outlet stores, including the original price listed on Plaintiff's shoes, are either false original prices or severely out-dated prices that have not been offered in the relevant market or at a Cole Haan store for at least more than a year.

**ANSWER: The allegations of Paragraph 34 are legal conclusions to which no answer is required. Defendant denies each and every of the allegations of Paragraph 34.**

35. The false reference price and corresponding discount price scheme was both uniform and identical on almost all of the merchandise sold at Defendant's outlet stores. The only thing that changed was the requisite "%____ off" on certain merchandise items.

**ANSWER: Defendant denies each and every of the allegations of Paragraph 35.**

36. The fraudulent pricing scheme applies to Cole Haan outlet merchandise offered on sale at Defendant's California outlet stores, including the product purchased by Plaintiff as described herein below.

**ANSWER: Defendant denies each and every of the allegations of Paragraph 36.**

**PARTIES**

**Plaintiff**

37.     Teresa Adams, an elementary school teacher, resides in San Clemente, California. On November 20, 2019, Ms. Adams went shopping at the Cole Haan outlet at the Outlets at San Clemente located at 101 West Avenida Vista Hermosa, San Clemente, CA 92672 to acquire some new shoes for teaching.

**ANSWER: Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's residence or occupation, and therefore denies them. Cole Haan denies the remaining allegations contained in Paragraph 37 of the FAC.**

38.     Ms. Adams examined several pairs of shoes before settling on a pair of women's Original Grand suede shoes, that were size 7 and had a maroon color to them. The shoes were subsequently found online by counsel at: *See https://www.colehaan.com/originalgrand-plain-oxford-winetasting-suede/W15293.htm*, last viewed on April 22, 2020. After reviewing the shoe's advertised sale price, Ms. Adams picked out her size and proceeded to purchase them. The original price of the shoes was listed at $150.00; the sale price was listed as $60.00. Ms. Adams, believing that she was receiving a substantial discount, settled on this particular shoe because she felt it was a good bargain. Plaintiff recalls noticing numerous signs within the store advertising "40% 50% and 60% Off" discounts on various items throughout the store.

**ANSWER: Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's shopping experience, and therefore denies them. Cole Haan denies the remaining allegations contained in Paragraph 38 of the FAC.**

39.     After observing the original price of the shoes and the accompanying sale price, Ms. Adams believed she was receiving a significant discount on the item she had chosen. Because she liked the item and felt that the discounted price

would likely not last, and that she was getting a significant bargain on the shoes, she proceeded to the register and purchased the products. The discounts were a material representation to Ms. Adams and she relied upon them in making her purchase decision. The original price and corresponding "sale price" of the shoes led Ms. Adams to believe that she was purchasing authentic Cole Haan merchandise that was recently available at Cole Haan stores, or other retail stores who carry Cole Haan products, at the advertised original price and / or sold formerly for that price at the outlet store. She paid a total of $64.65 for the merchandise.

**ANSWER:  Defendant admits that Plaintiff paid $64.65 for the subject merchandise. As to the allegations of Paragraph 39 that are legal conclusions, no answer is required. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's observations and beliefs, and therefore denies them. Defendant denies the remaining allegations contained in Paragraph 39 of the FAC.**

40.     However, her shoes were never offered for sale at the listed reference or "original" price on the price tag and/or were certainly not advertised at those original prices within the 90 day time period preceding Ms. Adams's purchase – as required under California law.

**ANSWER: As to the allegations of Paragraph 40 that are legal conclusions, no answer is required.  Defendant denies each and every of the remaining allegations of Paragraph 40.**

41.     At the time of her purchase, Plaintiff was also unaware that the vast majority of products sold in Defendant's Cole Haan outlet store were manufactured for sale specifically and exclusively at Cole Haan outlet stores and that the products are never sold anywhere else. Neither the in-store signage, nor information listed on the price tags suggested that the products were exclusive to the outlet.

1    **ANSWER: Defendant is without information or knowledge sufficient to**
2    **form a belief as to the truth or falsity of the allegations regarding Plaintiff's**
3    **awareness, and therefore denies them.**

4    42.    Plaintiff was damaged in her purchase because Defendant's false
5    reference price discounting scheme inflated the true market value of the shoes she
6    purchased. Despite being misled by Defendant with respect to the product she
7    purchased, Plaintiff lacks personal knowledge as to Defendant's specific pricing
8    practices relating to all its California outlet merchandise. Consequently, Plaintiff is
9    susceptible to reoccurring harm because she cannot be certain that Defendant has
10   corrected its deceptive pricing scheme, and she desires to continue to purchase Cole
11   Haan outlet merchandise from Cole Haan California outlet stores, assuming that she
12   could determine whether she was receiving authentic Cole Haan products at a true
13   bargain. However, she currently cannot trust that Defendant will label and/or
14   advertise the merchandise truthfully and in a non-misleading fashion in compliance
15   with applicable law. Plaintiff simply does not have the resources to ensure that
16   Defendant is complying with California and federal law with respect to its pricing,
17   labeling and advertising of its California outlet merchandise. An injunction is the
18   only form of relief which will guarantee Plaintiff and other consumers the
19   appropriate assurances.

20   **ANSWER: Defendant is without information or knowledge sufficient to**
21   **form a belief as to the truth or falsity of the allegations regarding Plaintiff's**
22   **desire to shop at Cole Haan outlet stores in the future, and therefore denies**
23   **them. Defendant admits that Plaintiff purports to seek the relief set forth in**
24   **Paragraph 42 of the FAC. Defendant denies that Plaintiff is entitled to the**
25   **relief set forth in Paragraph 42, denies that Plaintiff is entitled to any relief at**
26   **all. Paragraph 42 of the FAC contains legal conclusions to which no response**
27   **is required. To the extent a response is required, Defendant denies each and**
28   **every allegation, innuendo, and legal conclusion contained therein.**

43.     Additionally, because of the wide selection of merchandise available and Defendant's California outlet stores, the fact that there are numerous items of outlet merchandise involved in Defendant's deceit, and due to the likelihood that Defendant may yet develop and market additional outlet merchandise items for sale at its California outlet stores, Plaintiff may again, though by mistake, purchase a falsely discounted product from Defendant under the impression that the advertised reference price represented a *bona fide* former price at which the item was previously offered for sale by Defendant. Indeed, Plaintiff regularly shops at outlet stores, including Defendant's, and she desires to continue purchasing merchandise from Cole Haan outlet stores in the future. Moreover, Class members will continue to purchase the Cole Haan California outlet merchandise, reasonably but incorrectly believing that its advertised reference prices represent *bona fide* former prices at which the merchandise was previously offered for sale by Defendant.

**ANSWER: Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's and class members' desire to shop at Cole Haan outlet stores in the future, and therefore denies them. As to the allegations of Paragraph 43 that are legal conclusions, no answer is required.  Defendant denies each and every of the allegations of Paragraph 43.**

44.     Accordingly, Plaintiff, Class members and the general public lack an adequate remedy at law. Absent an equitable injunction enjoining Defendant from continuing in the unlawful course of conduct alleged herein, Plaintiff, Class members and the public will be irreparably harmed and denied an effective and complete remedy because they face a real and tangible threat of future harm emanating from Defendant's ongoing conduct which cannot be remedied with monetary damages.

**ANSWER: Defendant admits that Plaintiff purports to seek the relief set forth in Paragraph 44 of the FAC. Defendant denies that Plaintiff is**

**entitled to the relief set forth in Paragraph 44, denies that Plaintiff is entitled to any relief at all. Paragraph 44 of the FAC contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation, innuendo, and legal conclusion contained therein.**

45.     Moreover, Plaintiff lacks adequate remedy at law with respect to her claim for equitable restitution because she has not yet retained an expert to determine whether an award of damages can or will adequately remedy her monetary losses caused by Defendant. Particularly, as legal damages focus on remedying the loss to the plaintiff and equitable restitution focuses wholly distinctly on restoring monies wrongly acquired by the defendant, legal damages are inadequate to remedy Plaintiff's loss because Plaintiff does not know at this juncture, and is certainly not required to set forth evidence, whether a model for legal damages (as opposed to equitable restitution) will be viable or will adequately compensate Plaintiff's losses.

**ANSWER: Paragraph 45 of the FAC contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation, innuendo, and legal conclusion contained therein.**

46.     Finally, Plaintiff's case is substantially predicated on Defendant's violation of CAL. BUS. & PROF. CODE § 17501, an equitable claim, as Plaintiff's counsel's investigation revolved around ensuring that Defendant did not sell outlet merchandise within the 90 days preceding Plaintiff's purchase and, likewise, that Defendant failed to disclose to consumers the date on which outlet merchandise was last offered at its advertised reference price. This claim and test of liability go to the heart of Plaintiff's case and the same test is not available under a California Consumers Legal Remedies Act ("CLRA") legal claim for damages. Thus, Plaintiff does *not* have an adequate remedy at law because the CLRA does not provide the

same metric of liability as CAL. BUS. & PROF. CODE § 17501, which is integral not only to Plaintiff's prayer for restitution, but also to Plaintiff's very theory of liability at trial. Accordingly, correctly sets forth alternate claims for legal damages and equitable restitution.

**ANSWER: The allegations contained in Paragraph 46 of the FAC constitute legal conclusions to which no answer is required. Defendant denies Plaintiff's characterization of CAL. BUS. & PROF. CODE § 17501 and the CLRA, and denies the allegations to the extent that Plaintiff mischaracterizes, inaccurately quotes, or adds emphasis to the statutes. Defendant further states that each statute speaks for itself. Defendant denies each and every of the allegations contained in Paragraph 46 of the FAC.**

**Defendant**

47.    Plaintiff is informed and believes, and upon such information and belief alleges, Defendant is a Delaware Limited Liability Company with its principal executive offices in Greenland, New Hampshire. Plaintiff is informed and believes that Defendant owns and operates Cole Haan outlet stores in California and advertises, markets, distributes, and/or sells clothing and clothing accessories in California and throughout the United States.

**ANSWER: Cole Haan admits that it is a Delaware Limited Liability Company with its principal executive offices in Greenland, New Hampshire. Defendant further admits it has Cole Haan outlet stores in California and advertises, markets, distributes, and/or sells clothing and clothing accessories in California and throughout the United States.**

48.    Plaintiff does not know the true names or capacities of the persons or entities sued herein as Does 1-50, inclusive, and therefore sues such Defendants by such fictitious names. Plaintiff is informed and believes, and upon such information and belief alleges, that each of the Doe Defendants is in some manner legally responsible for the damages suffered by Plaintiff and the Class members as

alleged herein. Plaintiff will amend this Complaint to set forth the true names and capacities of these Defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

**ANSWER: Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's knowledge of and beliefs regarding any Doe Defendants, and therefore denies them. As to the allegations contained in this Paragraph that are legal conclusions, no answer is required. To the extent an answer is required, Defendant denies each and every allegation and innuendo in Paragraph 48 of the FAC.**

49.    The reference prices listed and advertised on products sold at Defendant's outlet stores are false or severely outdated reference prices, utilized only to perpetuate Defendant's false discount scheme.

**ANSWER: The allegations of Paragraph 49 are legal conclusions to which no answer is required.  Defendant denies each and every of the allegations of Paragraph 49.**

50.    Defendant knows that its reference price advertising is false, deceptive, misleading, and unlawful under California and federal law.

**ANSWER: The allegations of Paragraph 50 are legal conclusions to which no answer is required.  Defendant denies each and every of the allegations of Paragraph 50.**

51.    Defendant fraudulently concealed from and intentionally failed to disclose to Plaintiff and other members of the Class the truth about its advertised discount prices and former reference prices.

**ANSWER: The allegations of Paragraph 51 are legal conclusions to which no answer is required.  Defendant denies each and every of the allegations of Paragraph 51.**

52.    At all relevant times, Defendant has been under a duty to Plaintiff and the Class to disclose the truth about its false discounts.

**ANSWER: The allegations of Paragraph 52 are legal conclusions to which no answer is required.  Defendant denies each and every of the allegations of Paragraph 51.**

53.    Plaintiff reasonably relied upon Defendant's artificially inflated reference prices and false discounts when purchasing the maroon women's Original Grand suede shoes, size 7, from Defendant's outlet store in San Clemente, California. Plaintiff would not have made such purchase but for Defendant's representations regarding the substantial discounts being offered on the merchandise. Plaintiff would like to continue shopping at Defendant's outlet stores in the future but cannot be certain of the veracity of Defendant's advertised bargains.

**ANSWER: Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's decisions to purchase the merchandise nor her future desires, and therefore denies them. Paragraph 53 of the FAC contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation, innuendo and legal conclusion contained therein.**

54.    Plaintiff and the Class reasonably and justifiably acted and relied on the substantial price differences that Defendant advertised, and made purchases believing that they were receiving a substantial discount on an item of greater value than it actually was. Plaintiff, like other Class members, was lured in, relied on, and was damaged by the deceptive pricing scheme that Defendant carried out.

**ANSWER: Paragraph 54 of the FAC contains legal conclusions to which no response is required. To the extent a response is required, Defendant**

DEFENDANT COLE HAAN LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1   **denies each and every allegation, innuendo, and legal conclusion contained**
2   **therein.**

3

4                                    **CLASS ALLEGATIONS**

5         55.    Plaintiff brings this action on behalf of herself and all other similarly

6   situated Class members pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal

7   Rules of Civil Procedure and seeks certification of the following Class against

8   Defendant for violations of California state laws:

9
            All persons, within the State of California, who, within the preceding
10          four years (the "Class Period"), purchased from a California Cole Haan
            outlet store, one or more products at discounts from an advertised
11          reference price and who have not received a refund or credit for their
            purchase(s).
12

13  Excluded from the Class is Defendant, as well as their officers, employees,

14  agents or affiliates, parent companies and/or subsidiaries, and each of their

15  respective officers, employees, agents or affiliates, and any judge who presides

16  over this action. Plaintiff reserves the right to expand, limit, modify, or amend

17  this class definition, including the addition of one or more subclasses, in

18  connection with his motion for class certification, or at any other time, based upon,

19  *inter alia*, changing circumstances and/or new facts obtained during discovery.

20        **ANSWER: Defendant admits that the FAC purports to identify a class**

21  **of persons whom Plaintiff seeks to represent.  Defendant denies each and**

22  **every of the remaining allegations and innuendo contained in Paragraph 55 of**

23  **the FAC, and denies that certification of any class is proper under Rule 23.**

24        56.    *Numerosity*: The class members are so numerous that joinder of all

25  members is impracticable. Plaintiff is informed and believes that the proposed

26  Class contains hundreds of thousands of individuals who have been damaged by

27  Defendant's conduct as alleged herein. The precise number of Class members is

28  unknown to Plaintiff.

1   **ANSWER: Defendant is without information or knowledge sufficient to**

2   **form a belief as to the truth or falsity of the allegations regarding Plaintiff's**

3   **knowledge, and therefore denies them. As to the legal conclusions contained in**

4   **Paragraph 56, no answer is required. Defendant denies the remaining**

5   **allegations in this Paragraph.**

6   57.   *Existence and Predominance of Common Questions of Law and*

7   *Fact*:  This action involves common questions of law and fact, which predominate

8   over any questions affecting individual Class members. These common legal and

9   factual questions include, but are not limited to, the following:

10   a.   Whether, during the Class Period, Defendant used falsely

11   advertised reference prices on its outlet products labels and falsely

12   advertised price discounts on merchandise sold in its outlet stores;

13   b.   Whether, during the Class Period, the original price advertised

14   by Defendant was the prevailing market price for the products in question

15   during the three months period preceding the dissemination and/or

16   publication of the advertised former prices;

17   c.   Whether Defendant's alleged conduct constitutes violations of

18   the laws asserted;

19   d.   Whether Defendant engaged in unfair, unlawful and/or

20   fraudulent business practices under the laws asserted;

21   e.   Whether Defendant engaged in false or misleading

22   advertising;

23   f.   Whether Plaintiff and Class members are entitled to damages

24   and/or restitution and the proper measure of that loss; and

25   g.   Whether an injunction is necessary to prevent Defendant from

26   continuing to use false, misleading or illegal price comparison.

27   **ANSWER: Defendant denies the allegations, legal conclusions, and**

28   **innuendo contained in Paragraph 57 of the FAC.**

58. *Typicality*: Plaintiff's claims are typical of the claims of the Class members because, *inter alia*, all Class members have been deceived (or were likely to be deceived) by Defendant's false and deceptive price advertising scheme, as alleged herein. Plaintiff is advancing the same claims and legal theories on behalf of herself and all Class members.

**ANSWER: Defendant denies the allegations in this Paragraph.**

59. *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no antagonistic or adverse interest to those of the Class.

**ANSWER: Defendant denies the allegations in this Paragraph.**

60. *Superiority*: The nature of this action and the nature of laws available to Plaintiff and the Class make the use of the class action format a particularly efficient and appropriate procedure to afford relief to him and the Class for the wrongs alleged. The damages or other financial detriment suffered by individual Class members is relatively modest compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant. It would thus be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain effective redress for the wrongs done to them. Absent the class action, Class members and the general public would not likely recover, or would not likely have the chance to recover, damages or restitution, and Defendant will be permitted to retain the proceeds of its fraudulent and deceptive misdeeds.

**ANSWER: Defendant denies the allegations, legal conclusions, and innuendo set forth in Paragraph 60 of the FAC.**

61. All Class members, including Plaintiff, were exposed to one or more of Defendant's misrepresentations or omissions of material fact claiming that former reference prices advertised prices were legitimate. Due to the scope and extent of Defendant's consistent false sale prices, advertising scheme, disseminated in a

years-long campaign to California consumers, it can be reasonably inferred that such misrepresentations or omissions of material fact were uniformly made to all members of the Class. In addition, it can be reasonably presumed that all Class members, including Plaintiff, affirmatively acted in response to the representations contained in Defendant's false advertising scheme when purchasing merchandise sold at Defendant's Cole Haan outlet stores.

**ANSWER: Defendant denies that class treatment under Rule 23 is appropriate in this case, and denies the remaining allegations, legal conclusions, and innuendo set forth in this Paragraph.**

62.     Plaintiff is informed that Defendant keeps extensive computerized records of its Cole Haan outlet customers through, *inter alia*, customer loyalty programs and general marketing programs. Defendant has one or more databases through which a significant majority of Class members may be identified and ascertained, and it maintains contact information, including email and home addresses, through which notice of this action could be disseminated in accordance with due process requirements.

**ANSWER: Defendant admits that it keeps records relating to some of its Cole Haan outlet customers, but denies that class treatment under Rule 23 is appropriate in this case, and denies the remaining allegations and innuendo set forth in this Paragraph.**

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**Violation of California's Unfair Competition Law ("UCL")**

**CAL. BUS. & PROF. CODE §§ 17200, *et seq.***

63.     Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

**ANSWER: Defendant incorporates its responses to the preceding Paragraphs as if fully set forth herein.**

64.    The UCL defines "unfair business competition" to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. CAL. BUS. PROF. CODE § 17200.

**ANSWER: Paragraph 64 constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation and innuendo contained in Paragraph 64 of the FAC.**

65.    The UCL imposes strict liability. Plaintiff need not prove that Defendant intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices – but only that such practices occurred.

**ANSWER: Defendant denies each, every, and all of the allegations, innuendo, and legal conclusions contained in Paragraph 65 of the FAC.**

**"Unfair" Prong**

66.    A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications and motives of the practice against the gravity of the harm to the alleged victims.

**ANSWER: Paragraph 66 constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation and innuendo contained in Paragraph 66 of the FAC.**

67.    Defendant's actions constitute "unfair" business practices because, as alleged above, Defendant engaged in misleading and deceptive price comparison advertising that represented false reference prices and corresponding deeply discounted phantom "sale" prices. Defendant's acts and practices offended an established public policy of transparency in pricing, and engaged in immoral,

unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

**ANSWER: Paragraph 67 constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation and innuendo contained in Paragraph 67 of the FAC.**

68.    The harm to Plaintiff and Class members outweighs the utility of Defendant's practices. There were reasonably available alternatives to further Defendant's legitimate business interests other than the misleading and deceptive conduct described herein.

**ANSWER: Paragraph 68 constitutes a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies that class treatment under Rule 23 is appropriate in this case.  Defendant further denies each and every remaining allegation and innuendo contained in Paragraph 68 of the FAC.**

**"Fraudulent" Prong**

69.    A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

**ANSWER: Paragraph 69 constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation and innuendo contained in Paragraph 69 of the FAC.**

70.    Defendant's acts and practices alleged above constitute fraudulent business acts or practices as it has deceived Plaintiff and is highly likely to deceive members of the consuming public. Plaintiff relied on Defendant's fraudulent and deceptive representations regarding its false or out-dated "***original prices***" for products sold at Defendant's outlets. These misrepresentations played a substantial role in Plaintiff's decision to purchase those products at purportedly steep

DEFENDANT COLE HAAN LLC'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT

discounts, and Plaintiff would not have purchased those products without Defendant's misrepresentations.

**ANSWER: Defendant denies each, every, and all of the allegations, innuendo, and legal conclusions contained in Paragraph 70 of the FAC.**

**"Unlawful" Prong**

71.     A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

**ANSWER: Paragraph 71 constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation and innuendo contained in Paragraph 71 of the FAC.**

72.     Defendant's act and practices alleged above constitute unlawful business acts or practices as it has violated state and federal law in connection with its deceptive pricing scheme. The Federal Trade Commission's Act ("FTCA") prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and prohibits the dissemination of any false advertisements. 15 U.S.C. § 52(a). Under the Federal Trade Commission, false former pricing schemes, similar to the ones implemented by Defendant, are described as deceptive practices that would violate the FTCA:

> (a) One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former priced is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious – ***for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction – the "bargain" being advertised is a false one***; the purchaser is not receiving the unusual value he expects. In such a case, the "reduced" price is, in reality, probably just the seller's regular price.

(b) A former price is not necessarily fictitious merely because no sales at the advertised price were made. The advertiser should be especially careful, however in such a case that the price is one at which the product was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of her business, honestly and in good faith – and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based.

16 C.F.R. § 233.1(a) and (b) (emphasis added).

**ANSWER**: Defendant states that the cited authority discussed in Paragraph 72 of the FAC speaks for itself. Defendant denies any attempt to characterize the cited statement, and denies the allegations to the extent that they mischaracterize, inaccurately quote, or add emphasis. Defendant denies that the quoted authority is relevant or probative on any of the issues presented in this litigation. Defendant further states that the allegations contained in Paragraph 72 of the FAC constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every of the allegations and innuendo contained in Paragraph 72 of the FAC.

73.     In addition to federal law, California law also expressly prohibits false former pricing schemes. California's False Advertising Law, Bus. & Prof. Code §17501, ("FAL"), entitled "*Worth or value; statements as to former price*," states:

For the purpose of this article the worth or value of anything advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.

No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

1  CAL. BUS. & PROF. CODE § 17501 (emphasis added).

2  **ANSWER: Defendant states that the cited authority discussed in**

3  **Paragraph 73 of the FAC speaks for itself. Defendant denies any attempt to**

4  **characterize the cited statement, and denies the allegations to the extent that**

5  **they mischaracterize, inaccurately quote, or add emphasis. Defendant denies**

6  **that the quoted authority is relevant or probative on any of the issues**

7  **presented in this litigation. Defendant further states that the allegations**

8  **contained in Paragraph 73 of the FAC constitute legal conclusions to which no**

9  **answer is required. To the extent an answer is required, Defendant denies**

10 **each and every of the allegations and innuendo contained in Paragraph 73 of**

11 **the FAC.**

12     74.     As detailed in Plaintiff's Third Cause of Action below, the

13 Consumer Legal Remedies Act, CAL. CIV. CODE § 1770(a)(9), ("CLRA"),

14 prohibits a business from "[a]dvertising goods or services with intent not

15 to sell them as advertised," and subsection (a) (13) prohibits a business from

16 "[m]aking false or misleading statements of fact concerning reasons for, existence

17 of, or amounts of price reductions."

18 **ANSWER: Defendant states that the cited authority discussed in**

19 **Paragraph 74 of the FAC speaks for itself. Defendant denies any attempt to**

20 **characterize the cited statement, and denies the allegations to the extent that**

21 **they mischaracterize, inaccurately quote, or add emphasis. Defendant denies**

22 **that the quoted authority is relevant or probative on any of the issues**

23 **presented in this litigation. Defendant further states that the allegations**

24 **contained in Paragraph 74 of the FAC constitute legal conclusions to which no**

25 **answer is required. To the extent an answer is required, Defendant denies**

26 **each and every of the allegations and innuendo contained in Paragraph 74 of**

27 **the FAC.**

28

75.     The violation of any law constitutes an "unlawful" business practice under the UCL.

**ANSWER: Paragraph 75 constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and innuendo contained within Paragraph 75 of the FAC.**

76.     As detailed herein, the acts and practices alleged were intended to or did result in violations of the FTCA, the FAL, and the CLRA.

**ANSWER: Defendant denies each, every, and all of the allegations, innuendo, and legal conclusions contained in Paragraph 76 of the FAC.**

77.     Defendant's practices, as set forth above, have misled Plaintiff, the proposed Class, and the public in the past and will continue to mislead in the future. Consequently, Defendant's practices constitute an unlawful, fraudulent, and unfair business practice within the meaning of the UCL.

**ANSWER: Paragraph 77 constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that class treatment under Rule 23 is appropriate in this case. Defendant further denies the remaining allegations and innuendo contained within Paragraph 77 of the FAC.**

78.     Defendant's violation of the UCL, through its unlawful, unfair, and fraudulent business practices, are ongoing and present a continuing threat that Class members and the public will be deceived into purchasing products based on price comparisons of arbitrary and inflated "reference" prices and substantially discounted "sale" prices. These false comparisons created phantom markdowns and lead to financial damage for consumers like Plaintiff and the Class.

**ANSWER: Paragraph 78 constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that class treatment under Rule 23 is appropriate in this case. Defendant**

1   **further denies the remaining allegations and innuendo contained within**
2   **Paragraph 78 of the FAC.**

3       79.     Pursuant to the UCL, Plaintiff is entitled to preliminary and
4   permanent injunctive relief and order Defendant to cease this unfair
5   competition, as well as disgorgement and restitution to Plaintiff and the
6   Class of all Defendant's revenues associated with its unfair competition, or such
7   portion of those revenues as the Court may find equitable.

8       **ANSWER: Paragraph 79 constitutes a legal conclusion to which no**
9   **response is required. To the extent a response is required, Defendant denies**
10  **that class treatment under Rule 23 is appropriate in this case. Defendant**
11  **further denies the remaining allegations and innuendo contained within**
12  **Paragraph 79 of the FAC.**

13  

**SECOND CAUSE OF ACTION**

14  **Violation of California's False Advertising Law ("FAL")**

15  **CAL. BUS. & PROF. CODE §§ 17500, et seq.**

16      80.     Plaintiff repeats and re-alleges the allegations contained in every
17  preceding paragraph as if fully set forth herein.

18      **ANSWER: Defendant incorporates its responses to the preceding**
19  **Paragraphs as if fully set forth herein.**

20      81.     CAL. BUS. & PROF. CODE § 17500 provides:

21      It is unlawful for any...corporation...with intent...to dispose
22      of...personal property...to induce the public to enter into any obligation
        relating thereto, to make or disseminate or cause to be made or
23      disseminated...from this state before the public in any state, in any
24      newspaper or other publication, or any advertising device, or by public
        outcry or proclamation, or in any other manner or means whatever,
25      including over the Internet, any statement...which is untrue or
26      misleading, and which is known, or which by the exercise of reasonable
        care should be known, to be untrue or misleading..."
27

28  (Emphasis added).

---

DEFENDANT COLE HAAN LLC'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10

**ANSWER: Defendant states that the cited authority discussed in Paragraph 81 of the FAC speaks for itself. Defendant denies any attempt to characterize the cited statement, and denies the allegations to the extent that they mischaracterize, inaccurately quote, or add emphasis. Defendant denies that the quoted authority is relevant or probative on any of the issues presented in this litigation. Defendant further states that the allegations contained in Paragraph 81 of the FAC constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every of the allegations and innuendo contained in Paragraph 81 of the FAC.**

11
12
13

82.    The "intent" required by section 17500 is the intent to dispose of property, and not the intent to mislead the public in the disposition of such property.

14
15
16

**ANSWER: Paragraph 82 constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and innuendo contained within Paragraph 82 of the FAC.**

17
18
19
20
21
22

83.    Similarly, this section provides, "no price shall be advertised as a former price of any advertised thing, unless the alleged former prices were the prevailing market price…within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly, and conspicuously stated in the advertisement." Cal Bus. & Prof. Code § 17501.

23
24
25
26
27
28

**ANSWER: Defendant states that the cited authority discussed in Paragraph 83 of the FAC speaks for itself. Defendant denies any attempt to characterize the cited statement, and denies the allegations to the extent that they mischaracterize, inaccurately quote, or add emphasis. Defendant denies that the quoted authority is relevant or probative on any of the issues presented in this litigation. Defendant further states that the allegations**

contained in Paragraph 83 of the FAC constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every of the allegations and innuendo contained in Paragraph 83 of the FAC.

84.     Defendant's routine of advertising discounted prices from false "reference" prices, which were never the prevailing market prices of those products and were materially greater than the true prevailing prices (i.e., Defendant's actual sale price), was an unfair, untrue, and misleading practice. This deceptive marketing practice gave consumers the false impression that the products were regularly sold on the market for a substantially higher price than they actually were; therefore, leading to the false impression that the products sold at Defendant's outlet stores were worth more than they actually were.

**ANSWER**: Defendant denies each, every, and all of the allegations, innuendo, and legal conclusions contained in Paragraph 84 of the FAC.

85.     Defendant misled consumers by making untrue and misleading statements and failing to disclose what is required as stated in the Code alleged above.

**ANSWER**: Paragraph 85 constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and innuendo contained within Paragraph 85 of the FAC.

86.     As a direct and proximate result of Defendant's misleading and false advertisements, Plaintiff and Class members have suffered injury in fact and have lost money. As such, Plaintiff requests that this Court order Defendant to restore this money to Plaintiff and all Class members, and to enjoin Defendant from continuing these unfair practices in violation of the UCL in the future. Otherwise, Plaintiff, Class members, and the broader general public, will be irreparably harmed and/or denied an effective and complete remedy.

**ANSWER**: Defendant denies each, every, and all of the allegations, innuendo, and legal conclusions contained in Paragraph 86 of the FAC.

**THIRD CAUSE OF ACTION**

**Violation of California's Consumers Legal Remedies Act ("CLRA"),**

**CAL. CIV. CODE § 1750, *et seq.***

87.     Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

**ANSWER**: Defendant incorporates its responses to the preceding Paragraphs as if fully set forth herein.

88.     This cause of action is brought pursuant to the CLRA, CAL. CIV. CODE § 1750, *et seq*. Plaintiff and each member of the proposed Class are "consumers" as defined by CAL. CIV. CODE § 1761(d). Defendant's sale of merchandise in its outlets to Plaintiff and the Class were "transactions" within the meaning of CAL. CIV. CODE § 1761(e). The products purchased by Plaintiff and the Class are "goods" within the meaning of CAL. CIV. CODE § 1761(a).

**ANSWER**: Paragraph 88 contains legal conclusions for which no answer is required. Defendant denies each and every of the remaining allegations and innuendo contained in Paragraph 88 of the FAC.

89.     Defendant violated and continues to violate the CLRA by engaging in the following practices proscribed by CAL. CIV. CODE § 1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of merchandise sold in its California outlet stores:

>   (13) Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions.

**ANSWER**: Paragraph 89 contains legal conclusions for which no answer is required. Defendant denies each and every of the remaining allegations and innuendo contained in Paragraph 89 of the FAC.

90.    Pursuant to § 1782(a) of the CLRA, on or about May 15, 2020, Plaintiff's counsel notified Defendant in writing by certified mail of the particular violations of § 1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to act.

**ANSWER: Defendant admits that Plaintiff's counsel sent a CLRA letter.**

91.    Defendant failed to respond appropriately to Plaintiff's letter, nor did it agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice, as prescribed by § 1782. Therefore, Plaintiff further seeks claims for actual, consequential, punitive and statutory damages, as appropriate, against Defendant.

**ANSWER: Paragraph 91 constitutes legal conclusions to which no answer is required. Defendant further denies the remaining allegations and innuendo contained within Paragraph 91 of the FAC.**

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of herself and on behalf of the other members of the Class, requests that this Court award relief against Defendant as follows:

a.  an order certifying the class and designating Teresa Adams as the Class Representative and his counsel as Class Counsel;

b.  awarding Plaintiff and Class members actual, consequential, punitive and statutory damages, as appropriate;

c.  awarding restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the Class members as a result

d.  of its unlawful, unfair, and fraudulent business practices described herein;

e.  awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Defendant from continuing the unlawful practices as set forth

f.  herein, and directing Defendant to identify, with Court supervision, victims of its

g.  misconduct and pay them all money they are required to pay;

h.  order Defendant to engage in a corrective advertising campaign;

i.  awarding attorneys' fees and costs; and

j.  for such other and further relief as the Court may deem necessary or appropriate.

**ANSWER:  Defendant denies that Plaintiff or the purported class are entitled to any of the relief specified in the Prayer for Relief, or to any other relief.  Defendant respectfully requests that this Court deny all such relief, that Plaintiff takes nothing, and that the Court grant judgment in favor of Defendant.  Defendant further requests that it be awarded its costs of suit, attorney's fees, and any other relief the Court deems proper.**

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all of the claims so triable.

**ANSWER: Defendant admits that Plaintiff demands a jury trial in the FAC.**

\*\*\*\*

**<u>AFFIRMATIVE DEFENSES</u>**

Defendant submits the following Affirmative Defenses. Given that this case in at the Answer stage, once Defendant learns more about Plaintiff, the circumstances of her alleged purchases, and her claims, Defendant may amend the affirmative defenses:

DEFENDANT COLE HAAN LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      The FAC fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

2.      Plaintiff lacks standing to pursue her purported claims, and/or seek the relief sought by the FAC, because she sustained no injuries or damages and/or understood the relevant pricing practices at the time of her purchase and made an independent assessment of the value of her purchased merchandise that she decided to buy.

## THIRD AFFIRMATIVE DEFENSE

### (Laches/Waiver/Estoppel)

3.      Plaintiff's request for declaratory relief, is barred, in whole or in part, by the applicable doctrines of laches, waiver, and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees, Costs, Interest or Other Species of Damages)

4.      The FAC fails to state a claim upon which relief can be granted as to costs and attorneys' fees. Plaintiff's claims for costs, fees, and/or interest are barred and/or limited for failure to comply with the requirements of the applicable law.

## FIFTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

5.      Defendant alleges that any and all damages sustained by Plaintiff, if any, were caused by, or the result of, acts and/or omissions or circumstances over which Defendant has no responsibility or control.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

6.     Plaintiff could have avoided any of the alleged harm by returning the item she purchased from Cole Haan's outlet store and obtaining a full refund under Defendant's liberal, no-hassle return policy. Accordingly, if Plaintiff and/or putative class members purport to have suffered any injury or harm, which Defendant expressly denies, Plaintiff's and/or putative class members' recoveries are barred, in whole or in part, by their failure to mitigate, reduce, or otherwise avoid damages or injuries.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Damages)

7.     Plaintiff's claims are barred, in whole or in part, because she has suffered no damages as a result of the matters alleged in the FAC.

## EIGHTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

8.     The FAC, and each of the purported causes of action alleged therein, is barred, in whole or in part, because the requested monetary relief is too speculative, remote, and/or impossible to prove and/or allocate.

## NINTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

9.     Plaintiff is barred from recovering against Defendant because any recovery in favor of Plaintiff would result in Plaintiff's unjust enrichment. Defendant offered the item at a price, Plaintiff decided to pay that price, and Plaintiff does not allege that the item was worth any less than what she paid.

Plaintiff received favorable commercial terms for her purchase, and any payment to her would enrich her unjustly.

## TENTH AFFIRMATIVE DEFENSE
### (Spoliation of Evidence)

10.    Defendant asserts that the FAC may be barred, in whole or in part, due to Plaintiff's spoliation of evidence.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Good Faith/Bona Fide Error)

11.    Defendant alleges that Plaintiff's claims are barred, in whole or in part, because any alleged wrongful conduct on the part of Defendant, which is assumed only for the purpose of this affirmative defense, was unintentional and resulted from a bona fide error.

## TWELFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

12.    Plaintiff's claims, and any claim for equitable remedies, are barred by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Windfall)

13.    Because the value of the item Plaintiff purchased exceeds the amount she paid for them, Plaintiff's claims for monetary relief are barred, in whole or in part, because any monetary recovery would amount to a windfall and equity may not be invoked to obtain a windfall.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Cumulative Remedies)

14.    Plaintiff purports to seek identical monetary recovery and injunctive relief under each of her claims. Accordingly, Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks cumulative remedies.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

15.     Defendant's alleged conduct did not cause Plaintiff or any putative class member any harm and/or injury.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Puffery)

16.     Plaintiff's claims are barred, in whole or in part, to the extent that any alleged deceptive statements constitute puffery.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

17.     Plaintiff's claims for equitable relief are barred, in whole or in part, because Plaintiff fails to allege an inadequate remedy at law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Duty to Disclose)

18.     Plaintiff's claims are barred, in whole or in part, because Defendant was under no duty to disclose any of the purported information Plaintiff alleges was not disclosed.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Conformity with Applicable Law)

19.     All acts and conduct of Defendant, as alleged in the FAC, fully or substantially conformed to, complied with, and were authorized by applicable federal, state and/or local laws, rules, and regulations.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Inadequate Class Representative)

20.     Plaintiff does not constitute a proper representative of the purported class, is not qualified to protect and represent fairly and adequately the interests of

1  every member of the purported class, and does not have claims typical of other
2  purported class members.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT COLE HAAN LLC'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT

## **TWENTY-FIRST AFFIRMATIVE DEFENSE**
### **(Violation of Defendant's Rights)**

21.     The FAC may not be properly maintained or certified as a class action because Defendant's rights under the Fifth, Seventh, and Fourteenth Amendments of the United States Constitution would be violated, as well as the comparable provisions of any applicable state constitution.

## **TWENTY-SECOND AFFIRMATIVE DEFENSE**
### **(Accord and Satisfaction)**

22.     The claims of Plaintiff and/or members of the purported class are barred, in whole or in part, by the doctrine of accord and satisfaction. Over the preceding four years, many customers have returned merchandise purchased from Cole Haan outlet stores for a full refund. These customers have no claim.

## **TWENTY-THIRD AFFIRMATIVE DEFENSE**
### **(Implicit Consent and/or Knowledge)**

23.     Plaintiff and/or members of the purported class expressly and/or impliedly consented to and/or had knowledge of all activities or conditions alleged to have caused them harm. On information and belief, Plaintiff knew and understood the meaning of the pricing and promotions at issue in the FAC, and alleged discounts thereto, before making the purchases alleged in the FAC. Similarly, many if not all putative class members were fully aware of the meaning of the pricing practices at issue in this case. These putative class members were not in any way deceived by Defendant's pricing.

## **TWENTY-FOUR AFFIRMATIVE DEFENSE**
### **(Individualized Claims Not Proper for Class Action)**

24.     The claims of absent class members are barred, in whole or in part, on an individual basis because the information that Plaintiff claims was deceptive was

not material to them.

On information and belief, consumers shop at Cole Haan outlet stores because of the competitive prices at which it offers goods. Purchasing behavior is complex, and the overwhelming majority of Cole Haan's customers bought items for many different reasons that had no connection to the reference price, and without any misunderstanding as to Cole Haan's pricing.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

25.     Plaintiff's claims and/or the claims of absent class members are barred, in whole or in part, by the applicable statute of limitations.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Arbitration Clause and Class Action Waiver)

26.     Plaintiff's claims and/or the claims of absent class members are barred, in whole or in part, by Defendant's arbitration clause and class action waiver.

### RESERVATION OF RIGHTS

Defendant presently has insufficient information or knowledge on which to form a belief as to whether it may have additional, but as yet unstated, affirmative defenses available for its benefit. Defendant thereby reserves herein its right to assert additional affirmative defenses in the event discovery indicates that such affirmative defenses would be appropriate. Defendant also reserves its right to assert such other and related defenses as may become available in the event of a determination that the action or some part thereof is governed by the substantive law of one or more states whose laws become relevant in the course of this action.

### DEFENDANT'S REQUEST FOR RELIEF

DEFENDANT COLE HAAN LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**WHEREFORE**, having fully answered, Defendant respectfully requests that the Court:

1.      Dismiss Plaintiff's FAC with prejudice;

2.      Enter judgment in favor of Defendant with an award of costs; and

3.      Grant Defendant such other and further relief as may be just and appropriate, including attorney's fees.

## DEMAND FOR JURY TRIAL

Defendant hereby demands trial by jury on all claims so triable.

DATED: March 19, 2021                    STEPTOE & JOHNSON LLP

                              By:  */s/ Stephanie Sheridan*
                                     STEPHANIE A. SHERIDAN
                                     Attorneys for Defendant
                                     COLE HAAN LLC